OPINION OF THE COURT
David Stadtmauer, J.
Plaintiff sues pro se in this small claims action to recover property damage to his automobile allegedly sustained in an accident with one Samuel A. Bishop. It is plaintiff’s contention that defendant New York Automobile Insurance Plan (hereinafter referred to as the Plan) negligently failed to assign *317 Bishop’s application for insurance to an insurance company for coverage.
Defendant now moves for summary judgment dismissing the complaint upon the grounds that this court lacks jurisdiction and that the complaint fails to state a cause of action. The court will deal primarily with the question of jurisdiction as the informal pleading requirements of the Small Claims Part mandate a trial on the issue of negligence.
Essentially the plan’s position is that it is an instrumentality of the State therefore entitling it to the defense of sovereign immunity and that it may only be sued in the Court of Claims. The Court of Claims is the court wherein the State has waived immunity from liability and wherein it has consented to be sued (Court of Claims Act, § 8). This court is therefore called upon to determine initially whether the Plan is a State agency or, if not, whether it is an organization sufficiently engaged in a governmental function so as to entitle it to the same immunity as that enjoyed by a State agency.
Research fails to reveal any prior judicial determination of these precise questions. Typically, however, the courts speak of State agencies rather than State instrumentalities as being entitled to sovereign immunity (Breen v Mortgage Comm., 285 NY 425, 429; Commissioner of State Ins. Fund v Lapidus, 182 Misc 368; Huntefly Realty Corp. v State of New York, 62 Misc 2d 567), although the two terms have been used interchangeably (see Glassman v Glassman, 309 NY 436, 440, 441). In defining State agencies, however, the courts have generally searched for the existence of certain criteria: Whether the language of the enabling legislation indicates the creation of an agency (see, for example, Mortgage Commission Act, L 1935, ch 19, § 2); whether the expenses of the agency are met out of a revolving fund appropriated by the Legislature; and whether the moneys constituting the fund are paid out by the State until expended (Breen v Mortgage Comm., supra, pp 425, 430; but, see, Ciulla v State of New York, 191 Misc 528, 534, distinguishing Housing Authority, a nonstate agency, from Mortgage Commission). Furthermore, the employees of a State agency are likely to be appointed according to civil service requirements (Sadigur v State of New York, 173 Misc 645, 649) and the provisions of the Civil Service Law generally create and govern the affairs of such a system (Glassman v Glassman, supra, pp 436, 441). Examples of State agencies *318 having at least some of these characteristics include the New York State Insurance Fund, the New York State Mortgage Commission and the New York State Employees Retirement System. However, the New York State Automobile Insurance Plan does not possess even a single one of these characteristics. To the contrary, a close examination of the provisions of the Plan reveals many of the characteristics of a private organization.
The New York State Automobile Insurance Plan was created pursuant to section 63 of the Insurance Law. This section provides that the Superintendent of Insurance, after consulting with insurers licensed to write motor vehicle insurance in the State, shall approve a reasonable plan for the equitable apportionment among insurers of applicants for insurance who are in good faith entitled but are unable to procure insurance through ordinary methods. Upon approval of the Plan all insurers must subscribe thereto and must participate therein (Insurance Law, § 63, subd 1).
The insurers of the Plan, in addition, may enter into agreements amongst themselves with respect to the equitable apportionment of insurance risks and may agree to reasonable rate modifications for such insurance, subject to the approval of the superintendent (Insurance Law, § 184, subd 10). Structurally the the Plan is operated and administered by a governing committee of 11 members and a manager, none of whom are governmental employees. The 11 members include 3 licensed insurance agents or brokers and 8 salaried employees of different insurance companies subscribing to the Plan. (New York State Automobile Insurance Plan, p 1.)
Although the Superintendent of Insurance has certain supervisory control over the Plan (Insurance Law, § 63 subds 1, 5) the over-all operation thereof is self-executing and independent of direct governmental control. Moreover, the regulatory powers of the Superintendent of Insurance over the Plan appear to differ little from his powers with respect to all other aspects of the insurance business. It appears, then, that the Plan is an organization voluntarily effectuated by the insurance companies (Cirlin v Fidelity & Cas. Ins. Co., 11 Misc 2d 341, 344) and that its rules and regulations are promulgated by them (Cary v Atlantic Mut. Ins. Co., 30 Misc 2d 299, 304, revd on other grounds, 16 AD2d 867).
Accordingly, the court finds that defendant is not a State agency and is not engaged in the performance of a govern *319 mental function or in the furtherance of the official business of the State. It is therefore not entitled to sovereign immunity and is subject to the jurisdiction of this court.
Motion denied.