DAVID M. COLE, Appellant, v STATE OF NEW YORK et al., Respondents.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to claimant. Memorandum: Claimant appeals from an order of the Court of Claims which denied his motion for permission to file a late claim pursuant to section 10 of the Court of Claims Act. Claimant suffered fractures to both his legs on December 6, 1974, when a snowmobile he was operating plunged off an embankment on premises that he claims are maintained by the State of New York or by the Power Authority, which owns property adjacent to the State lands. By motion initially returnable on November 3, 1976 claimant sought permission to file a late claim. In its decision dated February 10, 1977 the Court of Claims found that his delay in filing the claim was not excusable, noting that by claimant's own sworn statement his immobility resulting from his injuries terminated at the end of May, 1975 and that the long delay between the termination of his immobility, which was beyond the statutory 90-day period, and the return date of this motion was unexplained. While recognizing that the question was moot in view of its decision, the court also pointed out that it did not have jurisdiction over the Power Authority. Pursuant to subdivision 6 of section 10 of the Court of Claims Act, the court in its discretion may grant permission to file a late claim after it considers, among other factors, whether the delay in filing the claim was excusable, whether the State had notice of essential facts constituting the claim, and whether the failure to file a timely claim resulted in substantial prejudice to the State. In this appeal the State argues that claimant inexcusably delayed making an application for leave to file a late claim after the expiration of the statutory 90-day period, and that the inference of notice to the State, based on the alleged presence of State employees at the scene of the incident and the State Police involvement the following day, is not justified. We disagree. The court below erred in focusing primarily on the period of time subsequent to the 90-day period. Subdivision 6 of section 10 of the Court of Claims Act (eff Sept. 1, 1976), which applies retroactively *(Kelly v*

*State of New York,* 57 AD2d 320, 327), provides that a claimant who fails to file a claim or notice of intention within the 90-day period as required by subdivision 3, may in the discretion of the court be permitted to file a late notice of claim "before an action asserting a like claim * * * would be barred under the provision of article two of the civil practice law and rules". "The 90-day period is the crucial time and if there is adequate excuse for letting that time go by, the effective disability [of the claimant] need not continue through all the succeeding period[s] before the motion to file the claim is made" *(Bloom v State of New York,* 5 AD2d 930, 931). This is not to say, however, that the court may not consider whether the long delay resulted in substantial prejudice to the State. Here claimant alleges that he was hospitalized for approximately 13 days, during which he was fully immobilized and nonambulatory, and under heavy medication. On December 20, 1974 he left the hospital, and thereafter began a gradual program of physiotherapy to regain the use of his legs. Except for attending physiotherapy treatment sessions he was completely immobilized until about March, 1975, when he was able, with difficulty, to begin mastering the use of crutches and canes. Claimant alleges that he was nonambulatory until approximately June, 1975, some three months after the 90-day filing period had expired (Court of Claims Act, § 10, subd 3) and under medical treatment until July 23, 1975. During this period, his doctor prescribed heavy medication including narcotics to ease his discomfort. The trial court noted claimant's allegations that as a Vietnam war veteran, he was twice addicted to narcotic medication during treatment for gunshot wounds, and that the narcotic medication prescribed and administered to him provoked an extreme and adverse reaction, causing his mental and psychological outlook to be unstable and distorted. Upon consideration of the entire record, we find that claimant had a reasonable excuse for failing to file within the 90-day period *(Carmen v State of New York,* 49 AD2d 965; *Bloom v State of New York, supra;* cf. *De Marco v State of New York,* 43 AD2d 786, affd on mem at App Div 37 NY2d 735), and that his delay in making his application caused no substantial prejudice to the State. Although the State argues in this appeal that claimant's inference of notice to it is based on equivocal facts, it filed no affidavit with the court claiming either prejudice or lack of notice. When answering affidavits are not produced, the facts alleged in the moving affidavits will be taken by the court as true *(Matter of Towns Paint Co. [Marine Trust Co. of Buffalo],* 179 Misc 813; Carmody-Wait 2d, NY Civ Prac, § 8:58). The State cannot use its own silence as a shield against an allegation that it has notice of essential facts constituting a claim. The Court of Claims abused its discretion in denying the motion against the State. The jurisdiction of the Court of Claims, however, does not extend to and encompass a suit against the Power Authority of the State of New York. The Power Authority is a public corporation established by statute, a legal entity separate and distinct from the State of New York (Public Authorities Law, § 1002). In those instances in which the New York State Legislature has decided to confer jurisdiction over public authorities to the Court of Claims it has done so specifically by statute (e.g., Public Authorities Law, § 163-a, Jones Beach State Parkway Auth.; Public Authorities Law, § 1607, Saratoga Springs Auth.). It follows that if the Legislature had intended to grant jurisdiction over the Power Authority to the Court of Claims it would have done so by enabling legislation. (Appeal from order of Court of Claims—notice of claim.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.