OPINION OF THE COURT
Roger J. Miner, J.
By order dated November 28, 1979, the Acting Commissioner of Health for the State of New York designated the County of Ulster as a primary registration district for the registration of births and deaths. According to the terms of the order, the designation was effective March 1, 1980, provided that the county file an approval of the designation on or before that date. On December 13, 1979, by a vote of 17 to 16, the Ulster County Legislature adopted Resolution No. 539 approving the designation. The resolution was filed with the commissioner on December 20,1979. By Resolution No. 115, adopted by a vote of 26 to 6 on February 14,1980, the Ulster County Legislature rescinded Resolution No. 539 and disapproved the establishment of a central registration district.
In this action for declaratory judgment the parties have moved for summary judgment, and the validity of Resolution No. 115 is at issue. The defendants contend that the commissioner’s order became final when the original resolu *415 tian was filed and that the second resolution was without legal effect. The defendants make the following allegation in their answer: “Based upon information and belief, there was a change of position in that the County of Ulster was working on implementing said order, and the county has expended sums of money and the time of county employees.” However, it is clear from the affidavits of the Ulster County Commissioner of Health and the county budget officer that no steps have been taken and no expenditures have been made in connection with the establishment of a county registration district. Moreover, the defendants have failed to demonstrate any change of position on their own part in reliance on Resolution No. 539.
A county may not be designated as a primary registration district without the approval of the legislative body of the county to be designated. (Public Health Law, § 4120, subd 1.) The Ulster County Legislature had the authority to rescind its previous resolution and to deny approval, since the rescission presented no constitutional conflict and did not effect a deprivation of vested rights. (County Law, § 153, subd 6; 40 NY Jur, Municipal Corporations, § 717; 1 Antieau, Municipal Corporation Law, § 4.12.) The effective date of the original resolution had not yet arrived when the rescinding resolution was adopted and there is no basis for the invalidation of the action taken by the Ulster County Legislature. (Matter of Town Bd. of Town of Huntington v Plonski, 13 AD2d 704, affd 10 NY2d 1035.) Accordingly, the motion by the plaintiff will be granted and the defendants’ cross motion will be denied.