COUNTY OF ULSTER, Respondent, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Appellants.

Third Department, December 3, 1981

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Alan W. Rubenstein, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for appellants.

*Francis T. Murray, County Attorney (Brian L. Findholt* of counsel), for respondent.

### OPINION OF THE COURT

HERLIHY, J.

By order dated November 28, 1979, the Acting Commissioner of Health of the State of New York designated the plaintiff County of Ulster as a primary registration district for the registration of births and deaths. The order provided, in part: "[T]hat such designation *shall be effective on the 1st day of March, 1980, provided that a duly certified copy of the Resolution of the Board ·of Supervisors of said*

*County approving such designation shall have been filed with me on or before said date"* (emphasis added).

The order was made pursuant to subdivision 1 of section 4120 of the Public Health Law which, in relevant part, provides as follows: "Except as otherwise provided in this article, each city, incorporated village and town in this state shall constitute a separate primary registration district, except that the commissioner may designate any county, except those comprising the city of New York, as a primary registration district *with the approval of the board of supervisors of such county"* (emphasis added).

On December 13, 1979, plaintiff duly enacted Resolution No. 539 which provided, in relevant parts:

"RESOLVED, that the County Legislature hereby approves the establishment by the State Commissioner of Health, of a county registration district * * *

"RESOLVED, that this resolution shall take effect immediately".

Resolution No. 539 was filed with the Department of Health on or about December 20, 1979.

However, on February 14, 1980, plaintiff enacted Resolution No. 115 which rescinded the prior Resolution No. 539 and "disapprove[d] the establishment * * * of a county-wide registration district for vital statistics".

Plaintiff brought this action and moved for summary judgment seeking a determination that the order of the Acting Commissioner of Health (Commissioner) is null and void because it had been effectively disapproved by the county legislature prior to its effective date of March 1, 1980. Defendants cross-moved for a declaratory judgment that the Commissioner's order was final and binding as of December 20, 1979.

Special Term found that plaintiff could rescind its approval because the "effective date of the original resolution had not yet arrived" and further that plaintiff "had the authority to rescind its previous resolution * * * since the rescission presented no constitutional conflict and did not effect a deprivation of vested rights" *(County of Ulster v State of New York Dept. of Health,* 106 Misc 2d 414, 415). Defendants appeal.

The order of the Commissioner was final and complete on November 28, 1979, subject only to the filing of plaintiff's consent. The legislature, in enacting subdivision 1 of section 4120 of the Public Health Law, made no provision for rescission of approval once given and the delay in the effective date herein of the Commissioner's order did nothing more than delay its implementation and/or set an outside time limit for plaintiff to accept. Once plaintiff acted to accept the designation, the Public Health Law had been complied with and the county was a designated primary registration district effective pursuant to the order.

Plaintiff's contention that its general power to rescind resolutions is controlling overlooks the fact that the order of the Commissioner merely implements the designations set forth in section 4120 of the Public Health Law. As noted, that section contains no provision whereby the designation of a county, once made by the statute, can be rescinded either by such county or by the Commissioner, except possibly as the Commissioner might exercise his powers to facilitate registration pursuant to subdivision 2 thereof. As urged by defendants, the Ulster County Legislature, upon approving the Commissioner's designation, became *functus officio*.

The judgment should be reversed, on the law, without costs, and the motion by plaintiff for summary judgment denied; the cross motion by defendant granted, and judgment directed to be entered declaring that (1) the order of the Acting Commissioner of Health of the State of New York, dated November 28, 1979, is binding on the parties, and (2) Resolution No. 115 of the Ulster County Legislature, dated February 14, 1980, is null and void and has no legal effect.

MAHONEY, P. J., KANE, YESAWICH, JR., and WEISS, JJ., concur.

Judgment reversed, on the law, without costs, and motion by plaintiff for summary judgment denied; cross motion by defendant granted, and judgment directed to be entered declaring that (1) the order of the Acting Commissioner of Health of the State of New York, dated November 28, 1979, is binding on the parties, and (2) Resolution No.

115 of the Ulster County Legislature, dated February 14, 1980, is null and void and has no legal effect.