BARBARA E. GEMBALA, Individually and as Parent and Natural Guardian of MICHELLE GEMBALA, Appellant, v AUDOBON ASSOCIATION, INC., et al., Defendants, and NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Respondent.

Fourth Department, December 16, 1983

APPEARANCES OF COUNSEL

*Allen, Lippes & Shonn (Eric A. Bloom* of counsel), for appellant.

*Damon, Morey, Sawyer & Moot (Joseph A. Matteliano* of counsel), for respondent.

OPINION OF THE COURT

O'DONNELL, J.

Plaintiff brought suit against several defendants including the Urban Development Corp. (UDC) in a negligence action in Erie County Supreme Court. UDC moved to dismiss the action pursuant to CPLR 3211 (subd [a], pars 2, 7) upon the grounds that Supreme Court lacked subject matter jurisdiction. Special Term granted the motion, finding that the UDC is the State qua State, a "corporate governmental agency of the State", and therefore, that UDC may be sued only in the Court of Claims.

The State of New York waived immunity from tort liability with the passage of the Court of Claims Act, vesting that court with exclusive jurisdiction in actions brought against the State as well as agents and agencies of the State exercising governmental powers (Court of Claims Act, art II, § 9; *Psaty v Duryea,* 306 NY 413; *Belscher v New York State Teachers' Retirement System,* 45 AD2d 206).

The issue on appeal is whether the UDC is so closely related and intertwined with the State as to render it an arm of the State. We conclude that it is not.

Although the UDC, as a public benefit corporation, has many ties to the State, it is not identical to the State and enjoys an independent existence (*Matter of Smith v Levitt,* 30 NY2d 934, 935, affg 37 AD2d 418, 421; see, also, *Grace & Co. v State Univ. Constr. Fund,* 44 NY2d 84, 88; *Matter of Dormitory Auth. [Span Elec. Corp.],* 18 NY2d 114, 117; *Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth.,* 5 NY2d 420, 423-424). The UDC is not a State agency, and the UDC bond proceeds are not State money (*Matter of Smith v Levitt, supra*). Accordingly, Special Term erred by holding that the UDC is a "corporate governmental agency of the State".

Moreover, we have previously held that the "familiar grant of power to defendant 'to sue and be sued' " impliedly vests jurisdiction of tort actions in courts of general jurisdiction (*Town of Amherst v Niagara Frontier Port Auth.,* 19 AD2d 107, 108). Where the State Legislature has decided to confer on the Court of Claims jurisdiction over public authorities, it has done so specifically by statute; the absence of such a provision in the enabling legislation indicates that jurisdiction lies with courts of general jurisdiction (see *Cole v State of New York,* 64 AD2d 1023, 1024). The legislation creating the UDC does not confer jurisdiction upon the Court of Claims. To the contrary, one provision specifically notes that Supreme Court shall have jurisdiction over any proceeding involving UDC notes or bonds (New York State Urban Development Corporation Act [L 1968, ch 174, § 1], § 27, subd [4]).

Defendant argues that the grant of jurisdiction to Supreme Court with respect to bonds and notes implies that

all other actions should be brought in the Court of Claims. We disagree. It is highly unlikely that the Legislature intended negligence claims and other contract actions to be brought in the Court of Claims when actions on bonds and notes must be brought in Supreme Court. This construction could lead to the absurd result of requiring one plaintiff to sue the UDC in two separate forums at the same time. It is a rule of statutory construction that where the interpretation claimed is inconvenient, absurd, or leads to objectional consequences, then the Legislature's silence should be presumed not to have intended that construction (McKinney's Cons Laws of NY, Book 1, Statutes, § 74). We reject defendant's argument that the Legislature's silence with respect to the proper forum for negligence cases implies that some forum other than Supreme Court was intended.

We conclude that jurisdiction of UDC cases lies in Supreme Court. Accordingly, the order granting defendant's motion to dismiss the complaint should be reversed and the motion should be denied.

DOERR, J. P., BOOMER, GREEN and SCHNEPP, JJ., concur.

Order unanimously reversed, with costs, and motion denied.