OPINION OF THE COURT
Richard A. Goldberg, J.
In this action, the plaintiff, a corporation created by the State of New York for the purposes of granting and processing student loans, has brought suit against the defendant for default in repayment.
Defendant now moves to strike the case from the Trial Calendar for plaintiff’s failure to respond to defendant’s interrogatories. Plaintiff claims that it is a State agency, exempt from responding to interrogatories by virtue of the provisions of CPLR 3102 (subd [f]).'The relevant portion of that statute reads as follows: “In an action in which the state is properly a party * * * disclosure by the state shall be available as if the state were a private person, except that it may be obtained only by order of the court * * * and except further that it may not include interrogatories or requests for admissions.”
The basic issue to be resolved by this court is whether plaintiff herein, the State of New York Higher Education Services Corporation, is to be regarded as equivalent to “The State” for the purposes and protection of this section. Neither side has afforded the court with any precedents on this issue and this decision appears to be a determination of first impression.
*245 There is no dispute that the State of New York, by virtue of sovereign immunity, is immune from suit except to the extent it has expressly waived that privilege or is engaged in nongovernmental functions.
Professor Siegel, in his practice commentary to CPLR 3102 (subd [f]) on the question as to whether or not a State corporation should be granted projection against interrogatories states (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:10, p 271): “It is submitted *** that when the disclosure is being sought from an officer or agency of the state who (or which) could be sued * * * in a court other than the court of claims, there is no warrant for holding such officer or agency to be the alter ego of the state for disclosure purposes. If the agency is not so identified with the state as to require that suit against it be brought in the court of claims, it should be deprived of ‘state’ status for the much lesser purpose of disclosure * * * The key question should be: If an action were to be brought against this agency * * * would it have to be brought in the court of claims? The answer will most often be No, and if it is, the agency * * * should be overruled on any contention that it is immunized from disclosure as the equivalent of the state.”
An examination of the enabling legislation (Education Law, § 651 et seq.) fails to reveal any requirement that actions against plaintiff must be brought in the Court of Claims.
Indeed, other State corporations are regularly sued in State Supreme Courts. (Cf. County of Ulster v State of New York Dept, of Health, 106 Misc 2d 414; Tripodi v State of New York Dormitory Auth., 82 AD2d 754; Matter of Hadley v State of New York Liq. Auth., 75 AD2d 1021.)
Additionally, no administrative State function is being performed by this corporation, which is, in essence, in the business of lending money to students and collecting repayment from them. Such activity is, in this court’s opinion, too far removed from the governmental tasks of the State to enable the corporation to claim State privilege. Under common law, even the State was held liable for torts when exercising corporate or proprietary functions and was only immune from liability for governmental functions. (Brown v Board of Trustees, 303 NY 484.)
The ongoing trend in our State is toward full and complete disclosure. (Rios v Donovan, 21 AD2d 409.) It is clear to this court that the plaintiff herein is attempting to use CPLR 3102 (subd [f]) as a shield to prevent what would otherwise be proper disclosure. Defendant argues as an affirmative defense that the Statute of Limitations has expired. This defense, if established, *246 will be a complete bar to plaintiff’s claim. The information requested in defendant’s interrogatories is necessary to support that defense.
Accordingly, this court is of the opinion that plaintiff may be compelled to respond to the interrogatories. Defendant’s motion is granted and the instant action is stricken from the Trial Calendar unless plaintiff responds to defendant’s interrogatories within 20 days from the date of service on plaintiff of a copy of this order with notice of entry.