■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Appellant, v EVELYN MELENDEZ, Respondent.— Weiss, J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered September 23, 1985, in Albany County, which, *inter alia,* granted defendant's motion for a change of venue and ordered an immediate hearing on the jurisdictional issue raised.

Plaintiff, as guarantor of several student loans issued by Manufacturers Hanover Trust Company to defendant, commenced the instant action seeking reimbursement from defendant after defendant's default in repayment. Contending that she was never properly served with process, defendant moved to dismiss the action for lack of personal jurisdiction (CPLR 3211 [a] [8]) or, alternatively, for a change of venue from Albany County to New York County, where she currently resides. In opposition to defendant's motion, plaintiff presented the affidavit of the process server which indicated that he went to defendant's home on February 4, 1985 and left a copy of the summons and complaint with defendant's sister pursuant to CPLR 308 (2). Defendant denied that a process server came to her home on that date and further noted that her only sister was in Puerto Rico at the time of purported service. Special Term granted defendant's motion to change venue to New York County, and ordered an immediate hearing on the issue of personal jurisdiction. The court further denied plaintiff's cross motion for summary judgment or for an order directing an alternative method of service pursuant to CPLR 308 (5).

On this appeal, plaintiff maintains that Special Term erred in directing a change of venue and in refusing to authorize an alternative method of service.* We disagree. Pursuant to Education Law § 653 (4), venue in Albany County in the first instance was proper. However, having raised a genuine issue of fact as to whether personal jurisdiction was ever obtained

---

* Plaintiff does not challenge the denial of its motion for summary judgment.

*(see, Green Point Sav. Bank v Taylor,* 92 AD2d 910; *Stylianou v Tsourides,* 73 AD2d 642), defendant was entitled to the requested venue change *(see,* Education Law § 653 [4]; CPLR 503 [a]). Despite the process server's willingness to appear in Albany County, we cannot fault Special Term's decision not to so inconvenience the witness *(see,* CPLR 510 [3]). These circumstances prevailing, plaintiff's alternative service request is clearly premature.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.