*933 OPINION OF THE COURT
Elliott Wilk, J.*
Defendant New York Higher Education Assistance Corp. (NYHEAC) moves for an order dismissing the complaint for lack of subject matter jurisdiction.
Plaintiff brings this action to recover damages allegedly sustained when NYHEAC, acting as guarantor of plaintiff’s student loan, prematurely reimbursed plaintiff’s lender bank.
Defendant made a prior motion to dismiss plaintiff’s complaint, which was granted solely on the ground that service of process on the Attorney-General was insufficient to confer in personam jurisdiction on the defendant NYHEAC. Plaintiff subsequently effected proper service of a new complaint.
It was not necessary for this court to reach the issue of subject matter jurisdiction in resolving the previous motion to dismiss, and, in fact, the issue never was reached. It is incorrect to infer, as does the plaintiff, that the prior motion resolved any issue beyond that of the lack of personal jurisdiction.
Pursuant to the Court of Claims Act, the Supreme Court does not have jurisdiction to hear suits against the State or its agencies. (Court of Claims Act §§ 8, 9; Breen v Mortgage Commn., 285 NY 425 [1941].)
A corporation created by the State may be considered such an agency if the "business of the corporation is so closely linked with State functions as to be essentially the State itself’. (Belscher v New York State Teachers’ Retirement Sys., 45 AD2d 206, 208 [4th Dept 1974].)
If the Legislature has not expressly dealt with the question of jurisdiction in the enabling legislation creating the corporation, it is the function of the court to determine whether the corporation is sufficiently engaged in a governmental function so as to entitle it to the same immunity to suit in the Supreme Court enjoyed by the State. (See, Down v New York Auto. Ins. Plan, 95 Misc 2d 316 [Civ Ct, NY County 1978].)
New York Education Law article 14 was revised in 1974. (The correct name of the corporation is now New York Higher Education Services Corp.)
The revised statute states, as the earlier version did not, that the corporation was created "in the State Education *934 Department and within the University of the State of New York as established under the Board of Regents”. (Education Law §652 [1].) The State Education Department and the University of the State of New York are State agencies subject to the Court of Claims Act. (See, Education Law § 352; People v Branham, 53 Misc 2d 346 [Sup Ct, Albany County 1967].) Clearly, the specific reference to NYHEAC’s status as "within” the State University is an indication of the Legislature’s intention that NYHEAC be considered as an agency of the State.
The Legislature empowered NYHEAC to coordinate the State’s administrative effort in student financial aid and loan programs "with those of other levels of government” (Education Law § 652 [2] [b]), indicating that NYHEAC itself occupies a level of government.
The fact that NYHEAC’s Board of Trustees included important State functionaries, such as the Commissioner of Education and the Chancellor of the State University, supports NYHEAC’s position. (See, Glassman v Glassman, 309 NY 436, 440-441 [1956].) It is also significant that NYHEAC’s employees are considered State employees subject to the rules and regulations of the Civil Service Law. (Down v New York Auto Ins. Plan, supra, at 317.)
Obviously, NYHEAC’s function as indicated by the expressed purpose of the corporation is more than that of merely lending money to students, and the close connection between NYHEAC and other State departments devoted to education clothes NYHEAC "with the sovereign immunity of the state.” (Glassman v Glassman, supra, at 440.)
I am aware of the contrary holding in State of New York Higher Educ. Servs. Corp. v Baker (126 Misc 2d 244 [Civ Ct, Kings County 1984]), but respectfully differ with that opinion.
The plaintiff’s remaining arguments are without merit.
The mere fact that NYHEAC receives funds from sources outside the government is not relevant. NYHEAC’s budget, expenditures and appropriations are closely monitored by the State Comptroller. (Education Law §§ 659, 660.) NYHEAC does not hold property other than as an agent of the State, and a judgment obtained against it would be as against the State. (See, Breen v Mortgage Commn., supra, at 430.)
Plaintiff next argues that his action for damages is actually an action in equity. Actions based wholly in equity are outside the jurisdiction of the Court of Claims (Psaty v Duryea, 306 *935 NY 413, 417 [1954]), although equitable considerations incidental to an action for damages can be entertained in the Court of Claims. (Supra, at 417.)
Thus, plaintiff argues, a dismissal in the Supreme Court will leave him without a forum. Even if plaintiffs suit is primarily for equitable relief, which is not the case, the immunity of the State and its agencies is not dependent upon the availability of another forum. (Glassman v Glassman, supra, at 441.) The State has not waived sovereign immunity with regard to wholly equitable claims. (Psaty v Duryea, supra, at 417.)
As NYHEAC is a State-created corporation pursuing State administrative functions, this court has no jurisdiction to hear the present suit. Defendant’s motion is granted, without prejudice to any action he may choose to initiate in the Court of Claims.

 I acknowledge the assistance of Linelle Hunter in the preparation of this decision.