OPINION OF THE COURT
Elliott Wilk, J.
Plaintiff moves to reargue defendant New York Higher Education Assistance Corporation’s (NYHEAC) motion to dismiss the complaint for lack of subject matter jurisdiction.
By order dated December 4, 1987 (see, 138 Misc 2d 932), I *230 held that the action against NYHEAC was improperly brought in the Supreme Court as NYHEAC was an entity so closely linked with State functions that it should be immunized from suit pursuant to Belscher v New York State Teachers’ Retirement Sys. (45 AD2d 206 [4th Dept 1974]).
Plaintiff moves to reargue on the grounds that I erred (1) in finding that NYHEAC’s enabling legislation did not directly address the matter of subject matter jurisdiction, leaving resolution of the issue up to the court pursuant to Down v New York Auto. Ins. Plan (95 Misc 2d 316 [Civ Ct, NY County 1978]); (2) that I had implicitly ruled in an earlier motion that NYHEAC was not a State agency by finding that service of process on the Attorney-General pursuant to CPLR 307 was insufficient to confer jurisdiction over NYHEAC; and (3) that in resolving the earlier motion to dismiss the complaint for failure to properly serve NYHEAC, I had implicitly reached and resolved the issue of subject matter jurisdiction in plaintiff’s favor, so that NYHEAC’s motion to dismiss for lack of subject matter jurisdiction was in reality a time-barred motion to reargue, further barred by collateral estoppel and law of the case.
Plaintiff’s motion to reargue is denied. I do not believe that any factual matters or legal authority were overlooked or misapprehended in resolving the defendant’s motion against plaintiff.
Plaintiff claims that the Legislature directly addressed the issue of subject matter jurisdiction by authorizing service of process to be made upon NYHEAC through the Secretary of State in the manner provided by Business Corporation Law § 306. (Education Law § 653 [4].) Plaintiff argues that the Legislature authorized service of process in this manner because it intended NYHEAC to be considered as an ordinary domestic business corporation "for all intents and purposes” including, apparently, amenity to suit in Supreme Court.
There is simply no basis for attributing any intent to the clear statutory language of Education Law § 653 (4) other than the obvious one of describing how service of process is to be made upon NYHEAC. The section does not address the issue of subject matter jurisdiction.
Plaintiff’s interpretation of my earlier decision concerning his failure to serve NYHEAC properly is also incorrect. Plaintiff suggests that if NYHEAC is a State agency, service upon the Attorney-General would have been sufficient under CPLR *231 307. Because such service was determined to be insufficient, plaintiff argues NYHEAC is not a State agency. It is not unusual, however, for a State entity subject only to suit in the Court of Claims to require service of process in some manner beyond the requirements of CPLR 307. (See, Littanzi v State of New York, 54 AD2d 1043 [3d Dept 1976]; McCormick v State of New York, 51 AD2d 28 [3d Dept 1976], affd 44 NY2d 774 [1978].)
CPLR 307 is not the test of an entity’s relationship to the State, and its susceptibility to suit in Supreme Court.
Finally, NYHEAC’s motion was not one to reargue, but was validly before the court on an issue which had not been addressed in the resolution of the earlier motion against plaintiff, implicitly or otherwise.
Accordingly, plaintiff’s motion is denied.