■ JOHN B. BELL, Appellant, v NEW YORK HIGHER EDUCATION ASSISTANCE CORPORATION et al., Defendants, and CHEMICAL BANK, Respondent.—

By decision and order, dated December 7, 1987, the same court granted Chemical Bank's cross motion for summary judgment and dismissed plaintiff's complaint. Plaintiff's motion for reargument/renewal and vacatur of the prior order was denied. Plaintiff's appeal to this court from those orders resulted in an affirmance [145 AD2d 1006] and plaintiff's motion for leave to appeal to the Court of Appeals was denied [74 NY2d 623].

Under these circumstances, the court below properly declined to entertain plaintiff's motion, since there was no action pending before it. Plaintiff had commenced this breach of contract action against, *inter alia*, Chemical Bank, for breach of contract in connection with his student loan. Having exhausted his procedural remedies, in this respect, he is without any authority or appropriate vehicle to make the instant motion. In any event, the motion is frivolous, since, Uniform Rules for Trial Courts § 202.48 addresses proposed orders or judgments and submission for signature, where such submission or settle order is directed by the court. Here, the December 7, 1987 decision was deemed to constitute an order by that court. Thus, Uniform Rules for Trial Courts § 202.48 is wholly inapplicable. Any complaint with respect to whether that order had, in fact, been entered was waived by reason of plaintiff's failure to raise such an argument on his prior appeals. Concur—Sullivan, J. P., Ross, Kassal and Smith, JJ.