■ JOHN B. BELL, Appellant, v NEW YORK HIGHER EDUCATION ASSISTANCE CORP., Respondent, et al., Defendants.—Orders, Supreme Court, New York County (Elliott Wilk, J.), entered on or about August 3 and 4, 1989, which, *inter alia,* denied plaintiff's motions for an order deeming abandoned the court's decision entered on or about September 3, 1985, pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.48 and for an order of recusal, and granting defendant's cross motion to dismiss the application and enjoin plaintiff from making any further motions without the court's permission, unanimously affirmed, with costs.

In a decision entered on or about September 3, 1985, the court denied plaintiff's motion for reargument. Plaintiff moved for an order deeming the court's decision abandoned pursuant to 22 NYCRR 202.48 since. defendant failed to enter an order or judgment. The court correctly denied the motion since section 202.48 is inapplicable where the court did not direct settlement of an order *(Bell v New York Higher Educ. Assistance Corp.,* 158 AD2d 305), and the "deemed abandoned" provision of the rule is only directed at successful movants *(Seeman v Seeman,* 154 AD2d 584). Nor is there merit to plaintiff's contention that the court erred in denying his motion for an order of recusal. The court acted within its discretion in denying the motion since plaintiff failed to prove that there was an extrajudicial source that biased the court *(People v Moreno,* 70 NY2d 403). Lastly, in light of plaintiff's palpable abuse of judicial process, the court was well within its discretion in requiring that plaintiff obtain the court's permission before making any further motions *(Sassower v Signorelli,* 99 AD2d 358). Concur—Murphy, P. J., Ross, Kassal, Wallach and Smith, JJ.