Patricia A. Bulson et al., Plaintiffs, v Control Data Corpo-
ration, Defendant and Third-Party Plaintiff-Respondent,
et al., Defendants. New York State Higher Education
Services Corporation, Third-Party Defendant-Appellant.

Third Department, November 15, 1990

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Patrick Barnett-Mulligan* and *Peter J. Dooley* of counsel), for third-party defendant-appellant.

*Wager, Taylor, Howd, Brearton & Kessler (Theresa A. Schneder* and *Michael W. Kessler* of counsel), for defendant and third-party plaintiff-respondent.

**OPINION OF THE COURT**

MERCURE, J.

Plaintiff Patricia A. Bulson, employed by third-party defendant, New York State Higher Education Services Corporation (hereinafter NYSHESC), and injured when the cubicle in which she worked collapsed, commenced this action in Supreme Court against, among others, defendant Control Data Corporation (hereinafter defendant), the firm which manufactured the data processing equipment in use in the cubicle. Defendant, in turn, commenced a third-party action against NYSHESC. NYSHESC thereafter moved to dismiss the third-party complaint on the ground that it was subject to suit only in the Court of Claims. Supreme Court denied the motion. NYSHESC now appeals.

We reverse. In *Bell v New York Higher Educ. Assistance Corp.* (138 Misc 2d 932, *affd* 144 AD2d 1047, *appeal dismissed* 73 NY2d 871, *lv denied* 74 NY2d 601), it was concluded that Supreme Court lacked jurisdiction over claims brought against NYSHESC's predecessor, the New York Higher Education Assistance Corporation.* Emphasis was placed upon the Legislature's specific reference to the corporation's status "within" the State University *(see,* Education Law § 652 [1]) as an indication that it was to be considered an agency of the State *(Bell v New York Higher Educ. Assistance Corp., supra,* at 934; *cf., State of N. Y. Higher Educ. Servs. Corp. v Baker,* 126 Misc 2d 244). Furthermore, the fact that the Legislature empowered the corporation to coordinate the State's administrative effort in student financial aid and loan programs "with those of other levels of government" (Education Law § 652 [2] [b]) was seen as an indication that the corporation itself occupies a level of government *(Bell v New York Higher Educ. Assistance*

---

* The corporation's name was changed at the time of the 1974 revision to Education Law article 14 *(see,* L 1974, ch 942).

*Corp., supra).* It is also significant, in our view, that NYSH-ESC's student aid and loan budget and its administrative and operating budget are subject to the control of the Legislature *(see,* Education Law § 653 [2] [a], [b]) and the State is required to apportion and pay to it the amounts necessary to pay all defaulted student loans *(see,* Education Law § 653 [2] [c]). Moreover, any award made as a result of this or any other claim would come out of the State's treasury *(see, Bell v New York Higher Educ. Assistance Corp., supra).*

Contrary to defendant's assertion, those cases dealing with public authorities *(see, e.g., Matter of Dormitory Auth. [Span Elec. Corp.],* 18 NY2d 114; *Story House Corp. v State of N. Y. Job Dev. Auth.,* 37 AD2d 345, *affd* 31 NY2d 942) do not compel a different result. First, the entities that defendant refers to were established by the Public Authorities Law as public benefit corporations *(see,* Public Authorities Law § 1675 *et seq.;* § 1800 *et seq.)* and, unlike NYSHESC, were not made part of any existing State agency. Second, public benefit corporations have the authority to issue bonds, making their fiscal autonomy from the State apparent *(see, Matter of Dormitory Auth. [Span Elec. Corp.], supra,* at 117-118). Nor do we find the Legislature's grant to NYSHESC of the power to sue and be sued inconsistent with its status as a State agency *(see, State Univ. v Syracuse Univ.,* 285 App Div 59; *see also, Breen v Mortgage Commn.,* 285 NY 425, 431; *cf., Gembala v Audobon Assn.,* 97 AD2d 345).

Consideration of all the relevant factors leads us to conclude that NYSHESC does not have a corporate existence separate from the State *(see, Glassman v Glassman,* 309 NY 436; *Story House Corp. v State of N. Y. Job Dev. Auth.,* 37 AD2d 345, *supra).* We believe it significant that the Legislature, in creating NYSHESC, chose to include it in the Education Department *(see,* Education Law § 652 [1]), rather than to establish it as a public authority separate from the State. Inasmuch as the State is the real party in interest, the Court of Claims has exclusive jurisdiction and, thus, Supreme Court should have granted NYSHESC's motion to dismiss the third-party complaint for lack of subject matter jurisdiction.

CASEY, J. P., WEISS, LEVINE and HARVEY, JJ., concur.

Order reversed, on the law, without costs, motion granted and third-party complaint dismissed.