*613 OPINION OF THE COURT
John L. Bell, J.
The issue before the court is whether the Court of Claims has jurisdiction over tort claims asserted against the Olympic Regional Development Authority (hereinafter referred to as ORDA).
On March 6, 1990, Scott Amsler died as a result of injuries sustained while skiing at Whiteface Mountain, Town of Wilmington, Essex County. Claimant was subsequently appointed administratrix of Amsler’s estate and commenced the instant claim against the State of New York and ORDA seeking $10,000,000 in damages. Claimant alleges that the State owns the ski center and that ORDA operates it for the State. The Attorney-General asserted in the answer for the defendants that the Court of Claims does not have jurisdiction over ORDA. Claimant has moved to strike the jurisdictional defense from the answer, and the Attorney-General has cross-moved to dismiss the claim as to ORDA.
At common law, the State, as sovereign, was immune from liability (Glassman v Glassman, 309 NY 436, 440; Horoch v State of New York, 286 App Div 303, 304-305). Conditions can thus be attached when the sovereign chooses to waive its immunity, and a condition to suing the State for damages is that the claim must be brought in the Court of Claims (Morell v Balasubramanian, 70 NY2d 297, 300; Easley v New York State Thruway Auth., 1 NY2d 374, 376-377; see, Matter of Brown v Board of Trustees, 303 NY 484, 489). While exclusive jurisdiction of the Court of Claims clearly extends to lawsuits for monetary damages arising out of acts or omissions of State agencies (Sinhogar v Parry, 53 NY2d 424; Psaty v Duryea, 306 NY 413), the issue of whether the Court of Claims has jurisdiction over legislatively created quasi-governmental entities is frequently a vexing question, replete with potential pitfalls for even assiduous attorneys, particularly when the Legislature remains silent regarding the jurisdictional issue in the enabling legislation of such entities (see, e.g., Bulson v Control Data Corp., 164 AD2d 141; Belscher v New York State Teachers’ Retirement Sys., 45 AD2d 206). Public benefits corporations, however, while often snugly secured to the State, nevertheless do not fall within the exclusive jurisdiction of the Court of Claims unless the Legislature specifically places jurisdiction in such forum (Gembala v Audobon Assn., 97 AD2d 345, 346; Story House Corp. v State of New York Job *614 Dev. Auth., 37 AD2d 345, affd 31 NY2d 942; see, Public Authorities Law §§ 361-b [exclusive jurisdiction of tort and contract claims against the State Thruway Authority is in the Court of Claims], 163-a [exclusive jurisdiction of tort and contract claims against the Jones Beach State Parkway Authority is in the Court of Claims], 1007 [10] [claims for the value of property appropriated by the Power Authority of the State are to be brought in the Court of Claims]).
ORDA was created in 1981 as a public benefit corporation (L 1981, ch 404; Public Authorities Law §§ 2606, 2608 [1]). It was charged with responsibility to, inter alla, "operate, manage and maintain the Olympic facilities” in and around the Village of Lake Placid, Essex County (Public Authorities Law § 2606). The Legislature provided that a notice of claim is a condition precedent to commencing a tort action against ORDA, and that the provisions of General Municipal Law § 50-e apply (Public Authorities Law § 2622 [1]; § 2980). Further, venue of any tort action against ORDA is statutorily set in Essex County (Public Authorities Law § 2622 [3]; § 2608 [8]). It is evident that by invoking the provisions of General Municipal Law § 50-e and setting venue in a specific county, the Legislature intended jurisdiction of lawsuits against ORDA to be in Supreme Court (see, Groener v State of New York, Ct Cl, Mar. 29, 1991, Margolis, J.). Moreover, the absence of any statutory language placing jurisdiction for claims against this public benefit corporation in the Court of Claims establishes Supreme Court as the proper forum (see, Story House Corp. v State of New York Job Dev. Auth., 37 AD2d 345, affd 31 NY2d 942, supra). The Court of Claims thus does not have subject matter jurisdiction over tort claims asserted against ORDA.
The court notes that its holding that the Court of Claims does not have jurisdiction over ORDA may have little practical effect on whether claimant is entitled to a recovery in this forum. Claimant has named the State as a defendant in this court and, in another context, it has been held that "the Legislature has 'imbue[d] [ORDA] with such a degree of identity as to be considered an integral part of the State qua State’ ” (Slutzky v Cuomo, 114 AD2d 116, 119, appeal dismissed 68 NY2d 663, quoting Grace & Co. v State Univ. Constr. Fund, 44 NY2d 84, 88). The court realizes that the symbiotic relationship between the State and public benefit corporations often appears chameleonic in nature. Indeed, the State Thruway Authority was labeled in one case as "an arm or agency of the State” (Easley v New York State Thruway *615 Auth., 1 NY2d 374, 376, supra); yet, in another context it was found that the Authority "stands on its own feet, transacts its business affairs through its own personnel and on its own initiative and is not subject to the strict requirements imposed upon a board or department of the State” (Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420, 424-425). While it is too early in this claim to discern the position the State will take regarding its role with ORDA, the court does not anticipate that the State will attempt to distance and divorce itself from ORDA since the intimacy of the relationship is ostensibly a colonnade supporting ORDA’s existence under the State Constitution (see, Slutzky v Cuomo, supra).
In any event, it is apparent that this court lacks jurisdiction to hear the claim against ORDA, and therefore claimant’s motion to strike the jurisdictional affirmative defense is denied, and the cross motion to dismiss the claim as to ORDA is granted.