OPINION OF THE COURT
Terry Jane Ruderman, J.
Claimant alleges that on July 8, 1995 he was assaulted by two Metro North police officers; claimant seeks damages in the amount of $1 million. The State moves to dismiss generally on the ground of lack of subject matter jurisdiction and untimeliness.
"As opposed to the Supreme Court of the State of New York, the New York State Court of Claims is a tribunal of special jurisdiction having only such subject matter jurisdiction as has been granted it by statute” (Cooper v United States Postal Serv., 150 Misc 2d 77). "In those instances in which the New York *1037 State Legislature has decided to confer jurisdiction over public authorities to the Court of Claims it has done so specifically by statute” (Cole v State of New York, 64 AD2d 1023, 1024).
Metro North Commuter Railroad (Metro North) is a subsidiary of the Metropolitan Transportation Authority (MTA) (see, Rose v Metro N. Commuter R. R., 143 AD2d 993; Petroccitto v Metro N. Commuter R. R., 140 AD2d 682). The MTA, created by statute, is a legal entity separate and distinct from the State of New York (Public Authorities Law § 1263). Thus, the claim lies, if at all, against the MTA and Metro North and not against the State. Indeed, the MTA has the power to sue and be sued (Public Authorities Law § 1265 [1]). It has been held that the grant of such power impliedly vests jurisdiction of tort actions in courts of general jurisdiction (see, Gembala v Audobon Assn., 97 AD2d 345, 346). In addition, the fact that Public Authorities Law § 1276, Actions against the authority, invokes the provisions of General Municipal Law § 50-e is further evidence that the Supreme Court is the proper forum (see, Pandolph v State of New York, 155 Misc 2d 612; see, e.g., Burgess v Long Is. R. R. Auth., 79 NY2d 777). Moreover, the absence of any statutory language placing jurisdiction of claims against the MTA in the Court of Claims indicates that jurisdiction lies with courts of general jurisdiction (see, Gembala v Audobon Assn., supra; Cole v State of New York, supra).
In sum, the instant claim, alleging that two Metro North police officers assaulted claimant, is not properly brought in the Court of Claims against the State of New York. Accordingly, the State’s motion to dismiss is granted on the ground that this court lacks subject matter jurisdiction over the claim.