■ JOHN B. BELL, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 100566.) [716 NYS2d 818] —Carpinello, J. Appeal from an order of the Court of Claims (Collins, J.), entered October 26, 1999, which, *inter alia*, granted defendants' motion to dismiss the claim on the ground of res judicata.

The instant claim seeking damages for alleged constitutional violations is yet another in a barrage of litigation over a 20-year-old student loan arising out of claimant's two years of law school education in the late 1970s (*see, e.g., Bell v New York Higher Educ. Assistance Corp.*, 166 AD2d 228; *Bell v New York Higher Educ. Assistance Corp.*, 158 AD2d 305, *appeals dismissed* 76 NY2d 845, 930; *Bell v New York Higher Educ. Assistance Corp.*, 140 Misc 2d 229, *affd* 145 AD2d 1006, *lv dismissed and denied* 74 NY2d 623). While claimant had obtained a default judgment against defendant New York State Higher

Education Services Corporation (hereinafter NYSHESC)* in 1984, the default was subsequently vacated by Supreme Court (Wilk, J.) on the ground that the court lacked jurisdiction to hear the matter because NYSHESC was a State agency subject to the Court of Claims Act (*Bell v New York Higher Educ. Assistance Corp.*, 138 Misc 2d 932, *affd* 145 AD2d 1006, *lv dismissed and denied* 74 NY2d 623). At the same time, albeit in a separate decision, Supreme Court granted the lender bank's motion for summary judgment dismissing the complaint (*Bell v New York Higher Educ. Assistance Corp.*, 138 Misc 2d 936, *affd* 145 AD2d 1006, *lv dismissed and denied* 74 NY2d 623).

In October 1997, following over a decade of continued and unsuccessful litigation against, *inter alia*, NYSHESC and the lender bank, claimant was permanently enjoined from bringing "further relitigation of his claims relating to his student loan or loans from Chemical [Bank] and/or guaranteed by NYSHESC" (*Bell v New York Higher Educ. Assistance Corp.*, Sup Ct, NY County, Oct. 1, 1997, Wilk, J., slip opn, at 2, *affd* 250 AD2d 496, *appeal dismissed* 92 NY2d 876, *appeal and lv dismissed* 93 NY2d 920). The October 1997 order further stated as follows: "[Claimant] is enjoined from commencing or reinstituting any further litigation, in this Court, any appellate court in which orders of this Court are reviewable, any other state or federal court, or any other tribunal, state or federal, on any legal theory of recovery or factual basis, relating in any way or manner to [claimant's] student loan or loans from Chemical and/or the guarantee thereof by NYSHESC which were the subject matter of the litigation [between the subject parties], against Chemical, any successor, assign, parent, subsidiary, affiliate or agent of Chemical, or NYSHESC, any successor, assign, parent, subsidiary, affiliate or agent of NYSHESC, all such claims being *res judicata* and permanently barred" (*id.*, slip opn, at 2). Obviously undeterred by the clear and unambiguous ban on further litigation, claimant again seeks damages arising out of his original student loan dispute and the litigation that ensued between the parties. Suffice it to say, the Court of Claims appropriately found that the present claim is barred by the subject permanent injunction and the principle of res judicata (*see, Bell v New York Higher Educ. Assistance Corp.*, 250 AD2d 496, *supra*).

Cardona, P. J., Peters, Graffeo and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

* NYSHESC was sued as New York Higher Education Assistance Corporation in the original action.