■ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v LESLIE FEHER, Appellant. [738 NYS2d 456] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered October 20, 2000 in Albany County, which denied defendant's motion for a change of venue, and (2) from an order of said court, entered January 10, 2001 in Albany County, which, inter alia, granted plaintiff's motion for summary judgment.

During 1988 and 1989, defendant received three student loans from Chemical Bank totaling $22,500 under the Federal Stafford Loan program. After receiving her graduate degree in June 1990, defendant received deferments on her repayment of these student loans from Chemical Bank. In November 1992, after defendant's default in repayment of the loans to Chemical Bank, plaintiff[1] purchased the loans as provided for by the terms and conditions of the loan agreement.

In December 1994, plaintiff commenced this action seeking reimbursement from defendant for the full amount due on the loans. Defendant never served an answer to the complaint but wrote to plaintiff on January 17, 1995, inquiring about payment and, in February 1995, defendant began making reduced payments, which plaintiff agreed to accept until June 16, 1995. In August 1996, plaintiff served another summons and complaint,[2] which defendant timely answered pro se, generally

---

1. Plaintiff administers and guarantees these federal student loans pursuant to Education Law article 14.

2. Plaintiff did not purchase a new index number, arguing that this summons and complaint was an amended pleading (see, CPLR 3025). Plaintiff further argues that the time limitations to serve an amended pleading

denying the allegations of the complaint.

In August 2000, defendant unsuccessfully moved for a change of venue from Albany County to New York County, her county of residence. Plaintiff moved separately for summary judgment. Defendant responded to plaintiff's motion with opposing affidavits and the interposition of counterclaims alleging that plaintiff had breached the loan contracts and had abused the legal process by originally commencing this action when defendant was not in default on the loans and by serving a second summons and complaint. Supreme Court granted plaintiff's motion, awarded plaintiff a judgment and dismissed defendant's counterclaims. Defendant now appeals from the order denying her motion for a change of venue and the order granting plaintiff's motion for summary judgment.

Turning first to the venue issue, the loan agreements signed by defendant designated Albany County as the venue of any action and defendant has made no showing that Supreme Court abused its discretion in denying her motion (*see generally*, *VOR Assoc. v Ontario Aircraft Sales & Leasing*, 198 AD2d 638, 639; *see also*, Education Law § 653 [4]; *State of N.Y. Higher Educ. Servs. Corp. v Melendez*, 120 AD2d 801; *see, e.g.*, *Grumet v Pataki*, 244 AD2d 31, 35, *affd* 93 NY2d 677, *cert denied* 528 US 946).

Next, our review of the record reveals that plaintiff established its entitlement to judgment as a matter of law by the affidavit of Dantaida De Guzman, plaintiff's chief student loan control representative, and copies of business records maintained by plaintiff (*see*, *New York State Higher Educ. Servs. Corp. v Barry*, 267 AD2d 567), documenting defendant's default, various payment deferment periods accorded defendant, defendant's payment history and the amounts owed on the loans. Moreover, the fact that this action was pending for nearly six years and that plaintiff accepted reduced payments on the loans during that period, present no legal impediment to plaintiff's recovery in this action (*see*, 20 USC § 1091a; *State of N.Y. Higher Educ. Servs. Corp. v Upshur*, 252 AD2d 333). Nor has defendant met her burden to counter plaintiff's prima facie showing by evidentiary proof in admissible form.

Defendant's proof in opposition to plaintiff's submissions consisted solely of her own conclusory affidavits, in which she included the allegations constituting her counterclaims, which were unsupported by any admissible documentary or other evidence and are insufficient to raise a triable issue of fact (*see*,

without leave of court imposed by CPLR 3025 are not applicable to this action (*see*, 20 USC § 1091a; *State of N.Y. Higher Educ. Servs. Corp. v Upshur*, 252 AD2d 333).

*e.g., Spielman v Acme Natl. Sales Co. [Delaware]*, 159 AD2d 918, 919; *Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791, *affd* 67 NY2d 627).

Finally, assuming that they have any merit, defendant's counterclaims were properly dismissed as Supreme Court had no jurisdiction to hear them (*see, Bulson v Control Data Corp.*, 164 AD2d 141; *Bell v New York Higher Educ. Assistance Corp.*, 138 Misc 2d 932, *affd* 144 AD2d 1047, *appeal dismissed* 73 NY2d 871, *lv denied* 74 NY2d 601).

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.