OPINION OF THE COURT
Francis T. Collins, J.
*751 Defendant moves for dismissal of this claim pursuant to CPLR 3211 alleging the court lacks subject matter jurisdiction, the claim is barred by the doctrines of collateral estoppel or res judicata and that the claim or parts thereof are untimely.
Claimant, Prime Energy Solutions, Inc., alleges that the defendant “State of New York, doing business as the New York State Energy Research and Development Authority” (hereinafter NYSERDA or the Authority) breached its agreement with the claimant for the payment of monetary incentives relating to the installation of photovoltaic energy systems (also known as PV or solar systems) for residential customers within the State of New York under the program known as Program Opportunity Notice 716 (PON 716). According to the claim,
“Prime Energy’s claims for work under the contract, not paid by NYSERDA, are comprised of two categories of non-payment: (1) unpaid incentive payments payable upon the shipment of PV equipment to a customer’s location for installation; and (2) unpaid incentive payments payable upon completed installation of the PV system and interconnection to the utility grid by the utility company” (see claim 114).
In September 2007. claimant commenced a CPLR article 78 proceeding in which it sought to vacate NYSERDA’s August 27, 2007 determination to terminate its participation in the PON 716 program. The petition alleged that the decision was arbitrary and capricious (first cause of action), in violation of NYSERDA’s own rules and procedures (second cause of action), violated claimant’s due process rights (third cause of action) and that the failure to timely pay the claimant monies due and owing under the PON 716 program was “unlawful, contrary to the rules and regulations of Respondent NYSERDA, arbitrary and capricious and should be annulled and vacated and Respondent directed to make immediate payment to Petitioner all monies due and owing” (defendant’s exhibit C at 9). Claimant demanded judgment vacating and annulling the determination terminating its participation in the PON 716 program and enjoining NYSERDA from terminating its participation in the program. Claimant also requested payment of all monies owed to it by NYSERDA.
The Supreme Court (George B. Ceresia, Jr., J.) denied the petition, holding that the first three causes of action were moot because the PON 716 program “no longer exists and is no Ion *752 ger funded” (defendant’s exhibit B at 9). The court also noted that claimant was given an opportunity to complete the projects that had already been approved. The court dismissed the claimant’s fourth cause of action for money damages, stating:
“The Court finds that the determination by the respondent with respect to incentive payments allegedly due and owing under project 2012-030 of William Wheat and project 2012-034 of Kenneth Steadman, could only be reviewed in a CPLR Article 78 proceeding after completion of the administrative review process set forth in § 504.9 of respondent’s rules (see 21 NYCRR 504.9). The Court concludes that the fourth cause of action must be dismissed by reason of petitioner’s failure to exhaust its administrative remedies” (defendant’s exhibit B at 14).
The court stated that it
“need not address petitioner’s motion for a preliminary injunction. Were the Court to reach the issue however, the Court would find that the petitioner has failed to demonstrate how or in what respect it has or will suffer irreparable injury through termination of its status as an eligible installer in the PON 716 program.”
The court went on to state in dictum that “it appears that the primary injury to the petitioner is financial and/or economic, for which an action at law for money damages would lie” (defendant’s exhibit B at 15).
As a threshold matter the court will first address the issue of whether or not the Court of Claims has subject matter jurisdiction over a claim asserted against NYSERDA.
In 1975 the New York State Atomic and Space Development Authority was reconstituted into the New York State Energy Research and Development Authority (see Public Authorities Law §§ 1850-a, 1852 [1]). The objective of the legislation establishing NYSERDA was the “development and utilization of safe, dependable, renewable and economic energy sources and the conservation of energy and energy resources” (Public Authorities Law § 1850-a). The enabling legislation specifically provided that “[t]he authority shall be a body corporate and politic, constituting a public benefit corporation” (Public Authorities Law § 1852 [1]). Among the powers granted the authority are the powers to sue and be sued (Public Authorities Law § 1855 [1]), to purchase, lease or otherwise hold “in the *753 name of the state or otherwise” real and personal property (Public Authorities Law § 1855 [5]; see also § 1856), to enter into contracts, leases or other arrangements (Public Authorities Law § 1855 [6], [7]), to borrow money or issue bonds, notes or other obligations (Public Authorities Law § 1855 [11]), and “[t]o do all things necessary or convenient to carry out its corporate purposes and exercise the powers given and granted by this title” (Public Authorities Law § 1855 [17]). Bondholders have the right to bring suit upon bonds or notes issued by the Authority, but only in the Supreme Court (Public Authorities Law § 1865 [1], [2] [a]-[d]; [5]). In this regard, Public Authorities Law § 1866 specifically provides that “bonds and notes shall not be a debt of the state of New York nor shall the state be liable thereon.” Significantly, tort actions, with the exception of those alleging wrongful death, must comply with the provisions of General Municipal Law § 50-e, not the Court of Claims Act (Public Authorities Law § 1868-a). Actions for wrongful death must be commenced in accordance with the general provisions of the Public Authorities Law governing notice of claims and time limitations in wrongful death actions (see Public Authorities Law §§ 1868-a, 2980-2982).
The Court of Claims has exclusive jurisdiction over actions for money damages against the State or its agencies where the State is the real party in interest (see NY Const, art VI, § 9; Court of Claims Act § 9; Morell v Balasubramanian, 70 NY2d 297 [1987]; Monreal v New York State Dept. of Health, 38 AD3d 1118 [2007]). “[T]he issue of whether the Court of Claims has jurisdiction over legislatively created quasi-governmental entities is frequently a vexing question, replete with potential pitfalls for even assiduous attorneys” (Pandolph v State of New York, 155 Misc 2d 612, 613 [1992]). Generally, a public corporation which enjoys an independent existence separate and apart from the State may not be sued in the Court of Claims absent legislation specifically conferring jurisdiction in that forum (Story House Corp. v State of N.Y. Job Dev. Auth., 37 AD2d 345, 349 [1971], affd 31 NY2d 942 [1972]; Plath v New York State Olympic Regional Dev. Auth., 304 AD2d 885 [2003]; Gembala v Audobon Assn., 97 AD2d 345, 346 [1983]; Cole v State of New York, 64 AD2d 1023 [1978]). Although public authorities are corporate bodies created by the State, they “are independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State *754 board, department or commission” (Matter of Levy v City Commn. on Human Rights, 85 NY2d 740, 744 [1995] [internal quotation marks omitted], quoting Matter of Plumbing, Heating, Piping & A.C. Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420, 423 [1959]). Such authorities are “created to accomplish a specific purpose or mission and are endowed with the freedom and flexibility necessary to achieve that mission” (Matter of Levy at 745). It has therefore been recognized that the State is ordinarily not liable for the conduct of a public authority (Holmes v State of N.Y., Roswell Park Cancer Inst. Corp., 5 Misc 3d 446, 450 [2004], citing Malone v State of New York, 285 App Div 1218 [1955], affd 1 NY2d 837 [1956]; Pantess v Saratoga Springs Auth., 255 App Div 426 [1938]; Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1 [1977]).
The enabling legislation evinces the legislature’s intent to create an independent autonomous body with jurisdiction vested in the Supreme Court. The express power to sue and be sued, as exists here, has been held to impliedly vest jurisdiction of tort claims in courts of general jurisdiction (Gembala v Audobon Assn., 97 AD2d at 346; Hampton v State of New York, 168 Misc 2d 1036 [1995]). The power to issue bonds and the State’s lack of liability with respect to same renders NYSERDA’s fiscal autonomy from the State apparent (cf. Bulson v Control Data Corp., 164 AD2d 141 [1990]). Jurisdiction over actions or proceedings on behalf of bondholders or noteholders is explicitly vested in the Supreme Court (Public Authorities Law § 1865 [5]).
Importantly, it has been held that incorporation of the provisions of General Municipal Law § 50-e evinces the legislative intent to place jurisdiction in a court of general jurisdiction, not the Court of Claims (Hampton v State of New York, 168 Misc 2d at 1037; Pandolph v State of New York, 155 Misc 2d at 614). In the case of NYSERDA, as stated earlier, Public Authorities Law § 1868-a specifically subjects actions against the authority, other than those asserting a cause of action for wrongful death, to the notice of claim provisions of General Municipal Law § 50-e. The statute is silent with regard to jurisdiction of the Court of Claims. By way of comparison, while Public Authorities Law § 2622 (1) requires tort actions brought against the Olympic Regional Development Authority to comply with General Municipal Law § 50-e notice of claim requirements, the very same section specifically provides the Court of Claims with exclusive *755 jurisdiction to hear and determine certain such claims (Public Authorities Law § 2622 [4]). Absent a similar explicit grant of jurisdiction in the legislation governing NYSERDA and in consideration of the powers and duties granted NYSERDA in its enabling legislation, the court concludes that NYSERDA acts not as an arm of the State but as a separate and independent body subject to suit in a court of general jurisdiction whether the action is grounded in tort or contract.
Accordingly, the defendant’s motion to dismiss the claim for lack of subject matter jurisdiction is granted and the claim is dismissed. Defendant’s remaining bases for dismissal are denied as moot.