■ LARRY LANGER, Respondent, v SETH A. MILLER et al., Appellants. [722 NYS2d 515] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 3, 2000, which granted plaintiff's motion to strike defendants' answer

and directed the parties to proceed to inquest, at which defendants are to be precluded from affirmatively offering any evidence, unanimously affirmed, with costs.

The record clearly indicates that defendants' failure to comply with a preliminary conference order and two compliance conference orders, the last of which explicitly permitted an order to be entered striking defendants' answer if compliance were not forthcoming, was willful and contumacious. The individual defendant, who is alleged to be the principal of defendant corporations, in effect admits that he ignored the first two orders because he was otherwise preoccupied with his business concerns; he failed to move for a protective order within the time allotted in the third order; and his unsuccessful attempt at compliance with the third order, by directing his attorneys and his accountant to forward documents to plaintiff, well after the deadlines set by the court, and by denying that some of the damaged documents ever existed, does not evince good faith. Under the circumstances, the extreme sanction of striking defendants' answer, and precluding them from putting in any affirmative proof at inquest, is warranted (*see, Zletz v Wetanson,* 67 NY2d 711; *Helms v Gangemi,* 265 AD2d 203). Concur—Rosenberger, J. P., Williams, Tom, Lerner and Buckley, JJ.