■ LEONARD DEROSARIO et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORP., Respondent. [802 NYS2d 406]—

Judgment, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 14, 2004, dismissing the complaint in a medical malpractice action, and bringing up for review, inter alia, an order, same court and Justice, entered December 2, 2002, which denied plaintiff's motion to restore the action to the trial calendar, and order, same court and Justice, entered May 23, 2003, which denied plaintiff's motion to renew the motion to restore, unanimously affirmed, without costs.

Plaintiff's argument that the action was marked off the trial calendar pursuant to CPLR 3404, and not dismissed for nonap-

pearance of counsel pursuant 22 NYCRR 202.27, is improperly raised for the first time on appeal, and indeed is directly contrary to the position that plaintiff took before the motion court, and we decline to review it.

Plaintiff's motion to vacate his default and the resulting dismissal of the action pursuant to 22 NYCRR 202.27, and to restore the action to the trial calendar, was properly denied on the ground that he failed to show a meritorious cause of action (*see Fink v Antell*, 19 AD3d 215 [2005]). Plaintiff alleges that his decedent would have survived a heart attack had she been transported by defendant's Emergency Medical Service to a hospital closer to her home. The affidavit plaintiff submitted in support of his original motion to restore is inadequate. His affidavit does not address with the requisite specificity how the decision regarding the receiving hospital contributed to the decedent's death. The defects were not cured by the affidavit that plaintiff offered in support of his motion to renew, which merely restated the points of the original affidavit and was equally conclusory.

We reject plaintiff's argument that the motion court improperly considered an affidavit of merit submitted by defendant in its reply papers in support of its motion to vacate its default in opposing plaintiff's motion to restore. Concur—Buckley, P.J., Mazzarelli, Andrias, Friedman and Sweeny, JJ.