■ DEBBIE KAMINER, Appellant, v AARON WEXLER et al., Respondents. [836 NYS2d 139]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered April 21, 2006, dismissing the complaint and bringing up for review an order, same court and Justice, entered April 7, 2006, granting defendants' motion pursuant to CPLR 3211, unanimously affirmed, with costs. Appeal from the April 7, 2006 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment. Appeal from order, same court and Justice, entered October 23, 2006, which denied reargument, unanimously dismissed, without costs, as unappealable.

The court properly found that plaintiff's claim for compensation for introducing her cousin to an investor required a writing, since the compensation sought was not in the nature of a finder's fee (*see Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 162 [1993]), and the alleged agreement pursuant to which compensation was to be paid was not capable of performance within one year (*cf. Nakamura v Fujii*, 253 AD2d 387 [1998]). The notated checks adduced by plaintiff do not constitute a writing sufficient to establish a contractual relationship between the parties (*see* General Obligations Law § 5-701; *cf. Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 56 [1953]).

The court properly dismissed plaintiff's remaining claims, since the requirement of a writing may not be circumvented by recasting the action as one seeking damages in tort (*see J.E.*

*Capital v Karp Family Assoc.*, 285 AD2d 361, 362 [2001]). In any event, the tort claims were merely duplicative of the breach of contract cause of action (*see Brown v Brown*, 12 AD3d 176 [2004]). The slander claim was subject to dismissal for the additional reason that it lacked the requisite specificity (*see Vardi v Mutual Life Ins. Co. of N.Y.*, 136 AD2d 453, 456 [1988]).

The court properly found that plaintiff's motion, though denominated as one to vacate pursuant to CPLR 5015 (a) (3), was one for reargument, since it merely reiterated previously raised arguments, and presented no new material evidence. The denial of reargument is not appealable.

We have considered the plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.