■ In the Matter of KIRBY SUZANNE, Appellant, v GREGORY T. SUZANNE JR., Respondent. [893 NYS2d 323]—

McCarthy, J.

An order of custody and visitation on consent was entered in the Essex County Clerk's office on August 1, 2008. The order granted petitioner sole legal custody and primary physical

---

custody of the parties' daughter and granted liberal visitation to respondent. The order specified that unless the parties agreed otherwise, the parties would meet to exchange the child at a specific location in the Village of Lake Placid, Essex County. That location was selected because respondent did not have a car and the agreed-upon location was within walking distance of his home.

Approximately six weeks after agreeing to the order, petitioner sought modification of the exchange location in the Family Court of Franklin County. Family Court (Main, Jr., J.) concluded that petitioner "fail[ed] to allege a sufficient change in circumstances inasmuch as she changed her own residence," and dismissed the petition without prejudice.

Thereafter, petitioner filed a new petition seeking the same relief from the Family Court of Essex County. Family Court (Meyer, J.) dismissed the petition as barred by res judicata and/or collateral estoppel and denied petitioner's subsequent motion to vacate that order. Petitioner failed to pursue an appeal from the dismissal of her second petition and appeals only from the denial of her motion to vacate. Although petitioner's motion is denominated as a motion to vacate Family Court's prior order, it is, in substance, a motion to reargue, and no appeal lies from an order denying such motion (*see Matter of Dickinson v Dickinson*, 309 AD2d 994, 995 [2003]; *Clissuras v Concord Vil. Owners*, 299 AD2d 446 [2002], *appeal dismissed* 3 NY3d 634 [2004], *cert denied* 543 US 1021 [2004]; *Federation of Puerto Rican Orgs. of Brownsville v Mateo*, 235 AD2d 326, 327 [1997], *lv dismissed* 90 NY2d 844 [1997]). "Inasmuch as a motion to vacate should not be utilized as a means by which to raise an issue of law that could have been pursued in the course of a timely perfected appeal, there exists no basis upon which to find that [Family] Court improvidently exercised its discretion in denying [petitioner's] motion" (*KLCR Land Corp. v New York State Elec. & Gas Corp.*, 15 AD3d 719, 720-721 [2005] [citations omitted]).

Cardona, P.J., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the appeal is dismissed, without costs.