■ MATTY GAL-ED et al., Appellants, v 153RD STREET ASSOCIATES, LLC, et al., Respondents, et al., Defendants. [901 NYS2d 592]—

Appeal from order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered May 20, 2008, which granted the motion by defendant O'Hara Architect and the cross motion by defendant DeSimone Consulting Engineers to dismiss the complaint for failure to comply with discovery demands, deemed to be an appeal from the subsequent judgment, entered May 29, 2008, dismissing the complaint as to defendants 153rd Street Associates, O'Hara, Kajima Construction, VJB Construction and DeSimone, and as so considered, unanimously affirmed, with costs. Order, same court and Justice, entered October 29, 2009, which, to the extent appealed from, denied plaintiffs' motion to renew and to vacate the prior dismissal order, unanimously affirmed, without costs.

The May 2008 order resulted from a motion and cross motion by O'Hara and DeSimone, which was contested by plaintiffs, and thus was directly appealable by those two defendants (*Figiel v Met Food*, 48 AD3d 330 [2008]). At the hearing on the motion, four other defendants (153rd Street, Dermot, Kajima and VJB) joined therein, but plaintiffs did not appear, and thus the dismissal of the complaint as against those four defendants was granted on default, requiring plaintiffs' motion to vacate that order (CPLR 5015). In order to vacate that dismissal on default, plaintiffs had to demonstrate both a reasonable excuse for their failure to appear and a meritorious cause of action (*Grippi v Balkan Sewer & Water Main Serv.*, 66 AD3d 837 [2009]), which they failed to do in other than a conclusory fashion (*see DeRosario v New York City Health & Hosps. Corp.*, 22 AD3d 270 [2005]).

The striking of the complaint for willful failure to comply with discovery deadlines (CPLR 3126)—e.g., the July 11, 2007 preliminary conference order, the November 27, 2007 stipulation and the court's February 13, 2008 directive—as well as defendants' and the court's repeated efforts to obtain discovery, was appropriate. Plaintiffs' willfulness was further evidenced by their failure to provide any proof in support of their claim, as well as by the year-long pattern of offering untenable excuses

for their noncompliance (*Goldstein v CIBC World Mkts. Corp.*, 30 AD3d 217 [2006]).

Evidence offered regarding plaintiffs' counsel's medical condition as of early March of 2008, offered in support of that aspect of their motion seeking renewal, was not based on new facts not offered on the prior motion, nor would it have changed the court's prior determination that plaintiffs had engaged in an extensive pattern of noncompliance with discovery demands (*see O'Connell v Post*, 27 AD3d 631 [2006]). Concur—Andrias, J.P., Friedman, Catterson, McGuire and Román, JJ.

Motion seeking to strike brief and for other related relief granted to the extent of striking references in the brief to matters dehors the record.