■ In the Matter of DOMINIQUE BIASUTTO, Respondent, v JOY BIASUTTO, Appellant. (And Nine Other Related Proceedings.) [904 NYS2d 548]—Lahtinen, J. Appeals (1) from an order of the Family Court of Greene County (Lalor, J.), entered December 10, 2008, which, among other things, dismissed respondent's application, in proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody, (2) from an order of said court, entered January 15, 2009, which denied respondent's motion to renew and/or reargue, and (3) from an order of the Family Court of Ulster County (McGinty, J.), entered August 31, 2009, which, in proceedings pursuant to Family Ct Act article 6, denied respondent's motion to resettle a prior order.

In May 2007, Greene County Family Court (Lalor, J.) granted respondent (hereinafter the mother) and petitioner (hereinafter the father) joint legal custody of their child (born in 2005), with the father having primary physical custody. Within less than a year, both parties filed modification petitions. Following a hearing, Family Court issued an order, entered December 2008, which, among other things, denied the mother's application to change primary physical custody to her. The mother's ensuing motion—labeled as seeking to both reargue and renew—was denied by an order entered in January 2009. Shortly thereafter, the parties filed additional proceedings in Ulster County Family Court. Those petitions were resolved by a stipulation placed on the record in May 2009 and the mother's counsel prepared the order for Family Court (McGinty, J.), which was entered in June 2009. The mother's subsequent motion to resettle the June

---

* Family Court cited that belief as proof that the father's insight and judgment were poor.

2009 order was denied by Family Court in August 2009. She now appeals from the orders entered in December 2008, January 2009 and August 2009.

In her appeal from the December 2008 order, the mother contends that Family Court erred in its determination not to modify that part of the May 2007 order which granted the father physical custody. The appeal from this order has been superceded and rendered moot by the parties' May 2009 stipulation and the order entered thereon in June 2009, which continued joint legal custody with the father having primary physical custody (*see Matter of Hall v Shannon*, 59 AD3d 825 [2009]; *Matter of Schermerhorn v Quinette*, 28 AD3d 822, 823 [2006]). In any event, the record supports Family Court's decision regarding physical custody.

The mother's appeal from the January 2009 order, which denied her motion labeled as one for reargument and renewal, must be dismissed. "Because [she] failed to present any new facts or change in the law that would require a different determination, we view [the mother's] motion as one for reargument . . . and no appeal may be taken from the denial of a motion to reargue" (*Mortgage Elec. Registration Sys., Inc. v Schuh*, 48 AD3d 838, 840 [2008], *appeal dismissed* 10 NY3d 951 [2008]). Moreover, if the motion had been for renewal, the appeal from the January 2009 order would be dismissed since the underlying order (December 2008) for which reconsideration was sought is now moot.

The appeal from the order denying the motion for resettlement, which sought a substantive change, must also be dismissed since "[a] denial of a motion to resettle a substantive portion of an order is not appealable" (*Tidball v Tidball*, 108 AD2d 957, 958 [1985]). We further note that the record supports Family Court's conclusion that the June 2009 order accurately sets forth the stipulation placed on the record by the parties.

Peters, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the appeals are dismissed, without costs.