TERESA CHIARAMONTE, Respondent, v PAOLO T. COPPOLA, M.D., Appellant. [915 NYS2d 560]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered January 28, 2009, which, in an action alleging medical malpractice and wrongful death, granted plaintiff's motion to vacate the default judgment entered against her and reinstated the complaint, unanimously reversed, on the law, without costs, the motion denied and the default judgment reinstated. The Clerk is directed to enter judgment accordingly.

The motion to vacate the default judgment, which was entered based upon plaintiff's failure to appear at a scheduled status conference (see 22 NYCRR 202.27 [b]), was improperly granted since plaintiff failed to show a meritorious cause of action. The affidavit of plaintiff's purported expert, whose identity cannot be discerned from the affidavit, was insufficient since the expert failed to make factual allegations, describe the extent of his or her knowledge of the matter, or state with specificity the observations as to the procedures or treatments performed and defendant's alleged deviations from the acceptable standards of medical care. Nor does the expert explain how the alleged departures from those standards contributed to the decedent's death (see DeRosario v New York City Health & Hosps. Corp., 22 AD3d 270 [2005]; compare Kaufman v Bauer, 36 AD3d 481, 482-483 [2007]). Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.