■ DONNA MARQUIS, Appellant, v THOREN S. WASHINGTON, Respondent. [924 NYS2d 299]—

Rose, J. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered December 23, 2009, which, in a proceeding pursuant to Family Ct Act article 6, denied petitioner's motion to, among other things, renew and/or reargue.

Petitioner, the maternal grandmother, commenced this proceeding seeking visitation with her grandchild (born in 1998). By order entered September 8, 2009, Family Court granted an unopposed motion by respondent, the child's father, to dismiss the petition for failure to state a cause of action, finding that none of the allegations in the petition supported equitable intervention (*see* CPLR 3211 [a] [7]; Domestic Relations Law § 72 [1]; *Matter of Emanuel S. v Joseph E.*, 78 NY2d 178 [1991]). Petitioner thereafter moved to vacate the order and for leave to reargue and renew. Family Court found no basis to vacate the order, determined that the motion was not one to renew and denied reargument. Petitioner appeals.

Petitioner's bare request to vacate presented no grounds upon which to base such a motion, citing neither CPLR 5015 nor any excuse or interest of justice that would be served by vacatur (*see Matter of Suzanne v Suzanne*, 69 AD3d 1011, 1012 [2010]; *Matter of Groesbeck v Groesbeck*, 52 AD3d 903 [2008]). Family Court properly treated the remaining portion of the motion as one to reargue, rather than to renew, as petitioner failed to present any new facts or change in the law that would require a different determination (*see* CPLR 2221 [e] [2]; *Matter of Biasutto v Biasutto*, 75 AD3d 671, 672 [2010]; *Mortgage Elec. Registration Sys., Inc. v Schuh*, 48 AD3d 838, 840 [2008], *appeal dismissed* 10 NY3d 951 [2008]). However, no appeal lies from the denial of a motion to reargue (*see Matter of Biasutto v Biasutto*, 75 AD3d at 672; *Matter of Dickinson v Dickinson*, 309 AD2d 994, 995 [2003]).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.