■ In the Matter of the Foreclosure of Tax Liens by County of Broome. County of Broome, Respondent; Martha G. Cafferty, as Executor of Peter G. Cafferty, Deceased. Appellant. [934 NYS2d 624]—Egan Jr., J.

In 1998, petitioner commenced this foreclosure proceeding to satisfy outstanding real property taxes due on various parcels of land then owned by Peter G. Cafferty (hereinafter decedent). Although petitioner and decedent thereafter entered into an agreement for payment of the delinquent taxes, decedent ultimately failed to comply with the terms thereof and, in October 2003, County Court granted petitioner's motion for summary judgment seeking to foreclose on decedent's properties. Decedent apparently filed a notice of appeal from the resulting judgment of foreclosure but, instead of perfecting the underlying appeal, he commenced a separate action in Supreme Court seeking to vacate the judgment of foreclosure and contending, among other things, that County Court lacked jurisdiction (*Cafferty v Cahill,* 53 AD3d 1007, 1007 n 1 [2008], *appeal dismissed and lv denied* 11 NY3d 861 [2008]). Supreme Court granted petitioner's subsequent motion to dismiss, finding that decedent's various claims were either time-barred, lacking in merit or precluded by the doctrines of res judicata and collateral estoppel. Upon decedent's appeal, this Court affirmed (*see id.*).

In December 2008, decedent moved pursuant to CPLR 5015

(a) (4) to vacate the judgment of foreclosure and, when County Court denied the requested relief, decedent sought review in this Court pursuant to CPLR 5704. After this Court denied decedent's motion, he again moved to vacate the judgment of foreclosure. County Court denied decedent's second CPLR 5015 application in December 2009[1] and, in January 2010, decedent moved pursuant to CPLR 2221 to modify County Court's December 2009 order. County Court denied decedent's application, prompting this appeal.[2]

We agree with petitioner that respondent's appeal is not properly before us. Although couched as a motion to "modify" County Court's December 2009 order, it is apparent from a review of the record that decedent's CPLR 2221 motion was in fact a motion to reargue. Decedent "failed to present any new facts or change in the law that would require a different determination" (*Marquis v Washington*, 85 AD3d 1338, 1338 [2011]) and, indeed, sought nothing more than to once again convince County Court that it erroneously granted the judgment of foreclosure in the first place. As no appeal lies from the denial of a motion to reargue (*see id.*; *Matter of Biasutto v Biasutto*, 75 AD3d 671, 672 [2010]; *Matter of Suzanne v Suzanne*, 69 AD3d 1011, 1012 [2010]; *Matter of Hoover v Derry*, 3 AD3d 659, 659 [2004]), respondent's appeal must be dismissed. Accordingly, we need not address the alternative grounds for dismissal advanced by petitioner—namely, that decedent's application is barred by the doctrines of res judicata and collateral estoppel.

Peters, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the appeal is dismissed, without costs.

---

1. The order in question is erroneously dated December 18, 2008 and should not be confused with County Court's December 12, 2008 order denying decedent's original application to vacate the judgment of foreclosure.

2. Following decedent's death in January 2011, respondent was appointed as executor of his estate, and this Court granted her subsequent motion for substitution.