■ JOHN B. BELL, Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent. [934 NYS2d 626]—

Rose, J.

---

Plaintiff defaulted on a student loan guaranteed by defendant in the 1970s, and defendant thereafter obtained a judgment against plaintiff in 1984. In October 1997, following several years of unsuccessful litigation by plaintiff against defendant and others (*see e.g. Bell v New York Higher Educ. Assistance Corp.*, 158 AD2d 305, 306 [1990], *appeal dismissed* 76 NY2d 845 [1990], *lv dismissed* 76 AD2d 930 [1990]; *Bell v New York Higher Educ. Assistance Corp.*, 140 Misc 2d 229, 229-231 [1988], *affd* 145 AD2d 1006 [1988], *lv dismissed and denied* 74 NY2d 623 [1989]), Supreme Court (Wilk, J.) issued an order permanently enjoining plaintiff from commencing any further litigation in any court regarding the loan and declaring all such claims to be barred by the doctrine of res judicata. The First Department affirmed that order on appeal (*Bell v New York Higher Educ. Assistance Corp.*, 250 AD2d 496 [1998], *appeal dismissed* 92 NY2d 876 [1998], *appeal and lv dismissed* 93 NY2d 920 [1999]). In 1999, when plaintiff again sought damages arising out of the original student loan dispute, the Court of Claims dismissed the claim as barred by the permanent injunction and res judicata (*Bell v State of New York*, 277 AD2d 854, 855 [2000], *appeal dismissed* 96 NY2d 746 [2001]). We then affirmed and the Court of Appeals, upon its own motion, imposed sanctions on plaintiff, finding that his further appeal to that court was frivolous and constituted an abuse of judicial process (*Bell v State of New York*, 96 NY2d 811, 811-812 [2001]).

In 2009, plaintiff commenced this action, the gist of which is to again seek to vacate the 1984 judgment entered against him. In a September 2009 order, Supreme Court (Egan Jr., J.) granted defendant's motion to dismiss the complaint. Thereafter, the court denied plaintiff's motion for reargument, finding that he had failed to establish that the law had been misapplied or that any relevant fact had been overlooked. In March 2010, plaintiff filed a notice of appeal from both the September 2009 order and the order denying reargument. Plaintiff then moved to vacate both orders, again reasserting his prior arguments. When Supreme Court (Connolly, J.) denied the motion to vacate, plaintiff filed an amended notice of appeal from all three orders.

Plaintiff's appeal from the September 2009 order was not timely taken and must be dismissed (*see* CPLR 5513 [a]; *Matter of Brooks v Connolly*, 84 AD3d 1612 [2011]; *Matter of Hannig v McCoy*, 4 AD3d 685, 686 [2004]; *Matter of Pravda v New York State Dept. of Motor Vehs*, 286 AD2d 838, 838 [2001]). Contrary to plaintiff's contention, our May 2011 motion decision did not

previously decide this issue in his favor. We held only that his appeal from all three orders was timely perfected, not that the appeal from the order entered September 2009 was timely taken. Next, inasmuch as plaintiff's motion to vacate was essentially a motion to reargue, and the denial of a motion to reargue is not appealable, his appeals from the other two orders must also be dismissed (*see Matter of Biasutto v Biasutto*, 75 AD3d 671, 672 [2010]; *Matter of Suzanne v Suzanne*, 69 AD3d 1011, 1012 [2010]; *Brown v Reinauer Transp. Cos., LLC*, 67 AD3d 106, 109 n 1 [2009], *lv dismissed and denied* 14 NY3d 823 [2010], *cert denied* 564 US —, 131 S Ct 3088 [2011]). In any event, plaintiff's assertion that his motion for reargument was granted by default is without merit.

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the appeals are dismissed, with costs.