■ PETER GONZALEZ et al., Appellants, v L'OREAL USA, INC., Respondent. [940 NYS2d 328]—

Egan Jr., J.

We affirm. To the extent that plaintiffs' various recusal/ disqualification motions are properly before this Court, we find them to be lacking in merit. "Absent a legal disqualification under Judiciary Law § 14, which is not at issue here, a . . . judge is the sole arbiter of recusal and his or her decision, which lies within the personal conscience of the court, will not be disturbed absent an abuse of discretion" (*Kampfer v Rase*, 56 AD3d 926, 926 [2008], *lv denied* 11 NY3d 716 [2009] [internal quotation marks and citations omitted]; *see Mokay v Mokay*, 67 AD3d 1210, 1213 [2009]). We perceive no abuse of that discretion here. Further, "[r]ecusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion, or where a clash in judicial roles is seen to exist" (*People v Alomar*,

93 NY2d 239, 246 [1999] [citation omitted]; *accord Matter of Albany County Dept. of Social Servs. v Rossi*, 62 AD3d 1049, 1050 [2009]; *Kampfer v Rase*, 56 AD3d at 926). Again, no such showing has been made here. Notably, the fact that a judge issues a ruling that is not to a party's liking does not demonstrate either bias or misconduct (*see generally Oakes v Muka*, 56 AD3d 1057, 1059 [2008]).

Plaintiff's motion for a change of venue also was properly denied, as plaintiffs failed to establish a "strong possibility" that an impartial trial cannot be had in Schoharie County (*Albanese v West Nassau Mental Health Ctr.*, 208 AD2d 665, 666 [1994]; *accord Blaine v International Bus. Machs. Corp.*, 91 AD3d 1175, 1175 [2012]). "[M]ere belief, suspicion or feeling are insufficient grounds to grant a motion to change venue" (*Cohen v Bernstein*, 9 AD3d 573, 574 [2004]).

Finally, to the extent that plaintiffs seek to vacate the October 2008 and February 2009 orders of Supreme Court (Devine, J.), plaintiffs—as noted previously—did not appeal from either of these orders, and it is well settled that "a motion to vacate should not be utilized as a means by which to raise an issue of law that could have been pursued in the course of a timely perfected appeal" (*KLCR Land Corp. v New York State Elec. & Gas Corp.*, 15 AD3d 719, 720 [2005]; *accord Matter of Suzanne v Suzanne*, 69 AD3d 1011, 1012 [2010]). As for plaintiffs' related motions to renew and/or reargue, even assuming that such motions were made in a timely fashion, no appeal lies from the denial of a motion to reargue (*see Matter of Biasutto v Biasutto*, 75 AD3d 671, 672 [2010]), and plaintiffs failed to satisfy the standard for renewal as they did not point to "any new facts or change in the law that would require a different determination" (*Marquis v Washington*, 85 AD3d 1338, 1338 [2011]; *see* CPLR 2221 [e] [2]). Plaintiffs' remaining arguments, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Lahtinen, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.