■ GREGORIO BRITO, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [23 NYS3d 231]—Appeal from order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about April 9, 2015, which denied plaintiff's motion for reargument, denominated as a motion to vacate the order, same

court and Justice, entered on or about June 24, 2014, dismissing the complaint for failure to comply with discovery orders, unanimously dismissed, without costs, as taken from a nonappealable paper. Appeal from order, same court and Justice, entered March 25, 2014, which, inter alia, directed plaintiff to provide certain outstanding discovery, unanimously dismissed, without costs, as moot.

In his motion to vacate the June 2014 order, which dismissed the complaint, plaintiff argued that he was not required to provide the discovery he had been directed to provide, because, in an action brought pursuant to Insurance Law § 3420 (a) (2), the insurer is limited to disclaiming coverage against the insured, and the discovery demanded by defendant concerned the defenses that would have been available to its insured, if the insured had not defaulted, in the underlying action. However, plaintiff had made this argument before, and the motion court had correctly rejected it in the March 25, 2014 order (*see Jimenez v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d 637, 639 [2d Dept 2010]), which directed plaintiff to provide the discovery that the court had previously directed him to provide in orders with which plaintiff had failed to comply. The court dismissed the complaint after plaintiff failed to comply with the March 25, 2014 order. Instead of appealing from the dismissal order, plaintiff moved to vacate it. Since he advanced the same arguments as the court had rejected in the March 25, 2014 order, the motion to vacate was, in fact, an untimely motion to reargue. The denial of a motion to reargue is not appealable (*Lopez v Post Mgt. LLC*, 68 AD3d 671 [1st Dept 2009]). The order dismissing the complaint remains in effect, and the appeal from the March 25, 2014 order directing plaintiff to provide discovery is moot. Concur—Mazzarelli, J.P., Acosta, Andrias and Moskowitz, JJ.