Rodriguez v Nevei Bais, Inc. (2018 NY Slip Op 01298)





Rodriguez v Nevei Bais, Inc.


2018 NY Slip Op 01298


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5843N 5842

[*1] Rodolfo Rodriguez, Plaintiff-Respondent,
v
Nevei Bais, Inc., Defendant-Appellant.


Law Office of Steven G. Fauth, LLC, New York (Steven G. Fauth of counsel), for appellant.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for respondent.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered August 25, 2016, which granted plaintiff's motion to strike defendant's answer, unanimously affirmed, without costs. Order, same court and Justice, entered February 16, 2017, which, to the extent appealable, denied defendant's motion for leave to renew plaintiff's motion and to vacate prior orders, unanimously affirmed, without costs.
The motion court providently exercised its discretion in striking defendant's answer on the ground of defendant's willful and contumacious failure to meet multiple court-ordered discovery deadlines (see CPLR 3126; Langer v Miller, 281 AD2d 338 [1st Dept 2001]; Helms v Gangemi, 265 AD2d 203, 204 [1st Dept 1999]).
Plaintiff's motion to strike defendant's answer was not defective. Under the circumstances, where plaintiff's counsel had long endeavored to resolve the discovery issues in and out of court, the affirmation of good faith satisfied 22 NYCRR 202.7 (see Loeb v Assara N.Y. I L.P., 118 AD3d 457, 457-458 [1st Dept 2014]).
We reject defendant's argument that the lesser penalties for noncompliance with discovery, set forth in the January 28, 2016 order, precluded the relief sought in the motion to strike. Defendant does not dispute that it failed to meet the deadlines set forth in that order. Nor does it describe any effort to comply with the order after the expiration of the deadlines. Moreover, the order did not provide that the stated penalties for noncompliance were exclusive or barred other relief.
The motion court properly denied defendant's motion for leave to renew and to vacate the order striking its answer. Defendant asserted that medical issues affected its counsel's ability to handle his case load, including this case, but this purportedly new information does not justify the relief sought, as it was uncorroborated by any medical documentation or affidavit from counsel's physicians (compare Weitzenberg v Nassau County Dept. of Recreation & Parks, 29 AD3d 683, 684-685 [2d Dept 2006] [attorney's mental illness, which was corroborated by an affidavit from his psychiatrist, was a reasonable excuse for the underlying defaults]).
No appeal lies from the denial of defendant's motion for leave to reargue (see Brito v Allstate Ins. Co., 135 AD3d 568, 569 [1st Dept 2016]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK