Matter of Wallace v Eure (2020 NY Slip Op 02007)





Matter of Wallace v Eure


2020 NY Slip Op 02007


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


331 CAF 19-00143

[*1]IN THE MATTER OF TRONDELL WALLACE, PETITIONER-RESPONDENT,
v
MADARIA EURE, RESPONDENT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.
CATHERINE M. SULLIVAN, BALDWINSVILLE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (William Rose, R.), entered December 24, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal and physical custody of the subject child. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, granted petitioner father's amended petition for sole legal and physical custody of the child. Even assuming, arguendo, that the order on appeal was not properly entered on the mother's default, we note that while this appeal was pending, Family Court entered an order upon the consent of the parties that continued custody with the father while granting the mother specific periods of visitation, including multiple nights of overnight visitation each week, thereby effectively superseding the order on appeal and rendering this appeal moot (see Matter of Dawley v Dawley [appeal No. 2], 144 AD3d 1501, 1502 [4th Dept 2016]; Matter of Biasutto v Biasutto, 75 AD3d 671, 672 [3d Dept 2010]; cf. Matter of Christopher Y. v Sheila Z., 173 AD3d 1396, 1397 [3d Dept 2019]). We conclude that the exception to the mootness doctrine does not apply (see Dawley, 144 AD3d at 1502; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court