Liparulo v New York City Health & Hosps. Corp. (2021 NY Slip Op 02464)





Liparulo v New York City Health & Hosps. Corp.


2021 NY Slip Op 02464


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 22539/15E Appeal No. 13665N Case No. 2020-02330N 

[*1]Carmine Liparulo et al., Plaintiffs-Appellants,
v
New York City Health and Hospitals Corporation et al., Defendants-Respondents.


Schaeffer Venaglia Handler & Fitzsimmons, LLP, New York (Richard J. Schaeffer of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about October 23, 2019, which denied plaintiffs' motion to vacate a July 1, 2019 order that dismissed the complaint due to their default in opposing defendant's CPLR 3126(3) motion to dismiss, and their numerous failures to comply with the court's discovery orders and to appear for court conferences, unanimously affirmed, without costs.
Plaintiffs failed to demonstrate both excusable default and a meritorious defense (CPLR 5015[a]; Kanat v Ochsner, 301 AD2d 456, 457 [1st Dept 2003]). No reasonable excuse was given either for plaintiffs' failure to oppose dismissal, their longstanding pattern of noncompliance with discovery demands and multiple court orders, or their failure to appear at scheduled court conferences. When moving for vacatur, plaintiffs failed to submit medical evidence establishing that their counsel was suffering from a mental condition which would have caused such noncompliance (see e.g. Rodriguez v Nevei Bais, Inc., 158 AD3d 597, 598 [1st Dept 2018]). Plaintiffs also failed to provide sufficient evidence of the merit of the underlying claims insofar as an independent medical examination report was submitted in place of a detailed expert affidavit (see DeRosario v New York City Health & Hosps. Corp.,22 AD3d 270, 271 [1st Dept 2005]). Plaintiffs' subsequent medical affidavits were improperly submitted for the first time in reply (see e.g. Ritt v Lenox Hill Hosp., 182 AD2d 560, 561-562 [1st Dept 1992]; see also Small v City of New York, 160 AD3d 471, 473 [1st Dept 2018]). Notwithstanding the preference for deciding cases on the merits, this preference will not justify vacating a default judgment where the moving party has failed to satisfy its burden of establishing a reasonable excuse for the default or a meritorious case (Eisenstein v Rose, 135 AD2d 369, 370 [1st Dept 1987]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021