679 Waring Ave., LLC v Sosa (2023 NY Slip Op 50632(U))

[*1]

679 Waring Ave., LLC v Sosa

2023 NY Slip Op 50632(U)

Decided on June 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570549/22

679 Waring Avenue, LLC, Petitioner-Landlord-Respondent, - 
against
Manuel Sosa and Joel Sosa, Respondents-Tenants-Appellants, - and - John Doe and Jane Doe, Respondents.

Tenants, as limited by their brief, appeal from 1) an order of the Civil Court of the City of New York, Bronx County (Christel Fleur Garland, J.), dated August 10, 2022, which denied their motion to vacate a prior order on the basis of alleged fraud and misconduct, and 2) an order (same court and Judge), dated August 18, 2022, which denied their request to compel landlord to furnish an executed renewal lease in compliance with an order of DHCR, in a holdover summary proceeding.

Per Curiam.
Appeal from order (Christel Fleur Garland, J.), dated August 10, 2022, dismissed, without costs, as nonappealable. Appeal from order (Christel Fleur Garland, J.), dated August 18, 2022, dismissed, without costs, as academic.
Despite tenants' denomination of their February 11, 2022 motion as one to vacate a prior (unappealed) order on the ground of fraud or misrepresentation (see CPLR 5015[a][3]), the motion was, in actuality, a motion for leave to reargue, and Civil Court properly treated it as such, "since it merely reiterated previously raised arguments, and presented no new material evidence" (Kaminer v Wexler, 40 AD3d 405, 406 [2007], lv dismissed 9 NY3d 955, 975 [2007]; see Cangro v Cangro, 272 AD2d 286 [2000]). Indeed, the purported new facts concerning the building superintendent's status as an agent, rather than an employee of landlord, were known at the time of the prior motion and specifically addressed in tenants' counsel's May 12, 2021 affirmation. Accordingly, the appeal from the August 10, 2022 order is dismissed, as no appeal lies from the denial of a motion for reargument (see Brito v Allstate Ins. Co., 135 AD3d 568 [2016]; Matter of Suzanne v Suzanne, 69 AD3d 1011 [2010]). Were we to reach the merits, we would, in any event affirm.
Tenants' contentions regarding the August 18, 2022 order have been rendered academic by the parties' stipulation dated May 8, 2023, resolving, among other things, the parties' dispute regarding landlord's compliance with an order issued by DHCR.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 26, 2023