Kolodziejski v Jen-Mar Elec. Serv. Corp. (2024 NY Slip Op 04815)

Kolodziejski v Jen-Mar Elec. Serv. Corp.

2024 NY Slip Op 04815

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 105627/11 Appeal No. 2713-2713A Case No. 2024-02552 

[*1]Roman Kolodziejski et al., Plaintiffs-Respondents,
v
Jen-Mar Electric Service Corp., et al., Defendants-Appellants.

Kennedy Lillis Schmidt & English, New York (John T. Lillis, Jr. of counsel), for appellants.
Virginia & Ambinder, LLP, New York (James Emmet Murphy of counsel), for respondents.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about March 19, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion to renew their prior motion to vacate a default judgment, unanimously reversed, on the law and the facts, without costs, the motion to renew granted and the default judgment vacated. Appeal from so much of aforesaid order as denied defendants' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
On this record, under the circumstances presented, we find that the motion for renewal should have been granted and, upon renewal, the default judgment against defendants should have been vacated on the ground that defendants demonstrated a reasonable excuse for their default in failing to appear for a status conference (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; see also CPLR 2005). The granting of a previous motion to vacate an earlier default established as law of the case that defendants have a meritorious defense (see Di Lorenzo, 67 NY2d at 141).
Defendants' appeal from the portion of the order that denied leave to reargue their motion to vacate is dismissed because no appeal lies from an order denying reargument (see Brito v Allstate Ins. Co., 135 AD3d 568, 569 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024