McNaughton v 5 W. 14 Owners Corp. (2025 NY Slip Op 00831)

McNaughton v 5 W. 14 Owners Corp.

2025 NY Slip Op 00831

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 101082/20 Appeal No. 3676-3677-3678-3679-3680-3681 Case No. 2021-04395 2021-04406 2021-04408 2021-04438 2023-06700 2023-06703 

[*1]Neil McNaughton, Plaintiff-Appellant,
v
5 West 14 Owners Corp., et al., Defendants-Respondents. 

Neil McNaughton, appellant pro se.
Alan B. Brill and Associates, LLC, New City (Bianca C. Vargas Baez of counsel), for 5 West 14 Owners Corp., Century Management Services and Norma Bellino and Lisa Golub, respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about June 15, 2021, which granted the motion of defendants Galen J. Criscione and Criscione Ravala LLP (together, the Criscione defendants) to dismiss the complaint as against them, unanimously affirmed, without costs. Order, entered June 15, 2021, same court and Justice, which, to the extent appealed from as limited by the briefs, granted the motion of defendants David L. Moss and David L. Moss & Associates LLC (together, the Moss defendants) to dismiss the complaint as against them and for sanctions, unanimously modified, on the law, to deny the motion for sanctions, and otherwise affirmed, without costs. Order, entered on or about June 15, 2021, same court and Justice, which granted the motion of defendants 5 West 14th Owners Corp., Century Management Corp., Norma Bellino, and Lisa Golub (collectively, the co-op defendants) for leave to file a late answer or otherwise respond to the complaint, and supplemental order, entered on or about June 16, 2021, which extended the co-op defendants' deadline to respond until July 30, 2021, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 17, 2023, which denied plaintiff's motion to vacate his default on the co-op defendants' motion to dismiss the claims against them and for recusal, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 28, 2023, which, insofar as appealed from and appealable, denied plaintiff's motion to renew his motion to vacate and for recusal, unanimously dismissed, without costs, as abandoned.
Plaintiff, a retired attorney, alleges that the Criscione defendants engaged in legal malpractice when they failed to warn him that a New York court would lack personal jurisdiction over the defendants in a matter concerning the estate of plaintiff's late sister and that the action would be dismissed for that reason if he filed it in New York rather than in Massachusetts. Plaintiff's allegations failed to sufficiently state that defendants breach of duty proximately caused plaintiff to suffer "actual and ascertainable damages" for which he is entitled to be compensated (cf. Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]).
As to the telephone records, even if the Criscione defendants negligently failed to obtain all the records that plaintiff wanted, he fails to allege how he sustained actual and ascertainable damages as a result (see Rudolf, 8 NY3d at 442).
Supreme Court properly dismissed the legal malpractice cause of action against the Moss defendants. Even if, as plaintiff alleges, the Moss defendants were negligent in not finding a private detective who could lift fingerprints from his apartment to show that his building staff had been in his apartment illegally, he fails to allege how he "sustain[ed] actual and ascertainable damages" arising from that alleged negligence. Such damages [*2]are purely speculative and cannot sustain a cause of action for malpractice (id. at 443). Furthermore, plaintiff's allegations that the Moss defendants "failed to do some important work for [him] involving the records of [his] sister's probate proceeding" are not particular enough to give the parties notice of the transactions intended to be proved (CPLR 3013).
Supreme Court also properly dismissed the cause of action for fraud against both the Criscione and Moss defendants. Plaintiff fails to plead that cause of action with sufficient particularity against the Moss defendants (CPLR 3016[b]; see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492 n 3 [2008]). Further, even assuming that the cause of action is pleaded with sufficient particularity against the Criscione defendants, plaintiff fails to adequately plead scienter, a necessary element of a cause of action for fraud, as against those defendants (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). Rather, the complaint alleges, in conclusory terms, that Galen Criscione engaged in fraud and fraud in the inducement when he failed to advise plaintiff before he entered into the retainer agreement that the Supreme Court in New York could not assert personal jurisdiction over the defendants in the estate matter. These allegations offer no facts that would allow a court to infer that Galen Criscione acted deliberately to deceive plaintiff (see Pludeman, 10 NY3d at 492; Eurycleia Partners, 12 NY3d at 559).
We reject plaintiff's assertion that the Moss and Criscione defendants defrauded plaintiff because they failed to disclose that they were "working as agents of the NYPD." Even putting aside the fact that the allegations are inherently incredible, the first cause of action, interposed against the Criscione defendants, alleges that they were working for the police, but the second cause of action, interposed as against the Moss defendants, does not make that allegation. In any event, inherently incredible factual allegations are not entitled to be accepted as true (see Skillgames, LLC v Brody, 1 AD3d 247, 250 [1st Dept 2003]).
The award of sanctions to the Moss defendants must be vacated because Supreme Court failed to satisfy the procedural requirements of 22 NYCRR 130-1.2. The court did not set forth the conduct it found to be frivolous, and provided no reason for its decision to impose legal fees and costs (see Gordon Group Invs., LLC v Kugler, 127 AD3d 592, 595 [1st Dept 2015]).
Supreme Court did not improvidently exercise its discretion by extending the co-op defendants' time to respond to the complaint. The co-op defendants' insurance carrier did not appoint counsel for them until after the deadline to respond had passed, and counsel promptly made a motion (see Jones v 414 Equities LLC, 57 AD3d 63, 68, 81 [1st Dept 2008]).
It was a provident exercise of Supreme Court's discretion to deny plaintiff's [*3]motion to vacate his default on the co-op defendants' motion to dismiss. As plaintiff's motion was based on CPLR 5015(a)(1), the motion was untimely (see Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652 [2d Dept 2022]). Although Supreme Court has the inherent authority to vacate a judgment in the interest of justice even after the statutory one-year period has lapsed, the movant must provide a reasonable excuse for his delay in moving to vacate (see HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045-1046 [2d Dept 2014]; see also Barnett, 202 AD3d at 652). Although plaintiff maintained that he missed the deadline because he was in ill health, Supreme Court was entitled to reject this excuse, as plaintiff failed to submit medical evidence regarding his assertion (see Liparulo v New York City Health & Hosps. Corp., 193 AD3d 593, 594 [1st Dept 2021], lv dismissed 37 NY3d 1088 [2021]). Supreme Court also properly rejected plaintiff's excuse of "ignorance and misreading of the law," as parties who rely on "their own incorrect assumptions" do not thereby establish the existence of a reasonable excuse (see D&R Global Selections, S.L. v Bodega Olegario FalcÓn PiÑeiro, 90 AD3d 403, 405 [1st Dept 2011]).
If, as here, a default is not excusable, a motion to vacate is properly denied, regardless of whether the movant presented a potentially meritorious cause of action (see Matter of Tri-State Consumer Ins. Co. v Hereford Ins. Co., 167 AD3d 416, 417 [1st Dept 2018]). Thus, we need not address the merits of plaintiff's causes of action against the co-op defendants.
Supreme Court did not improvidently exercise its discretion by denying plaintiff's motion for recusal, as allegations that a judge is biased or prejudiced must be based upon something other than rulings in the case (see People v Moreno, 70 NY2d 403, 407 [1987]). Plaintiff, however, offers no other basis for recusal.
On appeal, plaintiff does not address the order denying his motion to renew. Thus, he has abandoned his appeal from that order.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025