167 E 99 LLC v Latty (2025 NY Slip Op 50559(U))

[*1]

167 E 99 LLC v Latty

2025 NY Slip Op 50559(U)

Decided on April 21, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 21, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570432/24

167 E 99 LLC, Petitioner-Landlord-Respondent,
against
Paul Latty, Respondent-Tenant-Appellant.

Tenant appeals from: (1) an order of the Civil Court of the City of New York, New York County (Travis J. Arrindell, J.), dated April 11, 2024, which denied his motion to reargue a prior order (same court and Judge), dated April 18, 2023, which denied tenant's CPLR 3211 (a) motion to dismiss the petition; (2) an order of the same court (Frances Ortiz, J.), dated June 4, 2024, which denied tenant's second motion to dismiss pursuant to CPLR 3211 (a); and (3) an order (same court and Judge), dated June 4, 2024, which denied tenant's motion for recusal in a holdover summary proceeding.

Per Curium.
Orders (Frances Ortiz, J.), each dated June 4, 2024, affirmed, with one bill of $10 costs. Appeal from order (Travis J. Arrindell, J.), dated April 11, 2024, dismissed, without costs, as taken from nonappealable paper.
Civil Court properly denied tenant's second motion to dismiss landlord's failure to provide access claim as violative of the single motion rule, which permits a party to move only once upon one or more of the grounds enumerated under CPLR 3211(a) (see TRB Acquisitions LLC v Yedid, 225 AD3d 508 [2024]). In any event, since landlord subsequently withdrew this claim, this branch of the appeal is moot.
Nor did the court improvidently exercise its discretion by denying tenant's recusal motion, as "allegations that a judge is biased or prejudiced must be based upon something other than rulings in the case [and tenant] offers no other basis for recusal" (McNaughton v 5 W. Owners Corp., — AD3d —, 2025 NY Slip Op 00831 [2025]). 
The appeal from the April 11, 2024 order is dismissed, as no appeal lies from the denial of a motion for reargument (see Brito v Allstate Ins. Co., 135 AD3d 568, 569 [2016]; Matter of Suzanne v Suzanne, 69 AD3d 1011, 1012 [2010]). Were we to reach the merits, we would, in any event affirm.
We have considered tenant's remaining contentions and find them unpreserved and/or without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 21, 2025