167 E 99 LLC v Latty (2025 NY Slip Op 50559(U))

[*1]

167 E 99 LLC v Latty

2025 NY Slip Op 50559(U) [85 Misc 3d 139(A)]

Decided on April 21, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through May 14, 2025;
it will not be published in the printed Official Reports.

Decided on April 21, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570432/24

167 E 99 LLC,
Petitioner-Landlord-Respondent,

against

Paul Latty,
Respondent-Tenant-Appellant.

Tenant appeals from: (1) an order of the Civil Court of the City of New York, New
York County (Travis J. Arrindell, J.), dated April 11, 2024, which denied his motion to
reargue a prior order (same court and Judge), dated April 18, 2023, which denied tenant's
CPLR 3211 (a) motion to dismiss the petition; (2) an order of the same court (Frances
Ortiz, J.), dated June 4, 2024, which denied tenant's second motion to dismiss pursuant to
CPLR 3211 (a); and (3) an order (same court and Judge), dated June 4, 2024, which
denied tenant's motion for recusal in a holdover summary proceeding.

Per Curiam.

Orders (Frances Ortiz, J.), each dated June 4, 2024, affirmed, with one bill of $10
costs. Appeal from order (Travis J. Arrindell, J.), dated April 11, 2024, dismissed,
without costs, as taken from nonappealable paper.

Civil Court properly denied tenant's second motion to dismiss landlord's failure to
provide access claim as violative of the single motion rule, which permits a party to move
only once upon one or more of the grounds enumerated under CPLR 3211(a) (see
TRB Acquisitions LLC v Yedid, 225 AD3d 508 [2024]). In any event, since
landlord subsequently withdrew this claim, this branch of the appeal is moot.

Nor did the court improvidently exercise its discretion by denying tenant's recusal
motion, as "allegations that a judge is biased or prejudiced must be based upon
something other than rulings in the case [and tenant] offers no other basis for recusal"
(McNaughton v 5 W. Owners Corp., — AD3d —, 2025 NY Slip Op
00831 [2025]).

The appeal from the April 11, 2024 order is dismissed, as no appeal lies from the
denial of a motion for reargument (see Brito v Allstate Ins. Co., 135 AD3d 568,
569 [2016]; Matter of Suzanne v Suzanne, 69 AD3d 1011, 1012 [2010]). Were
we to reach the merits, we would, in any event affirm.

We have considered tenant's remaining contentions and find them unpreserved
and/or without merit.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: April 21, 2025