Greene v City of New York (2025 NY Slip Op 02721)

Greene v City of New York

2025 NY Slip Op 02721

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Index No. 153866/18|Appeal No. 4291-4292|Case No. 2024-02929 2024-02930|

[*1]Joanne Greene, Plaintiff-Appellant,
v
City of New York Defendant, New York City Housing Authority, Defendant-Respondent. 

The Breakstone Law Firm, P.C., Bellmore (Jay L. T. Breakstone of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about February 15, 2024, which, to the extent appealed from, denied plaintiff's motion to strike defendant New York City Housing Authority's answer, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 15, 2024, which denied plaintiff's motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
Based on the existing record, "the extreme sanction of striking the answer is not warranted" (Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd., 138 AD3d 617, 618 [1st Dept 2016]). Plaintiff failed to demonstrate that NYCHA willfully or contumaciously refused to comply with discovery demands, or the court's schedule orders (cf. Langer v Miller, 281 AD2d 338, 339 [1st Dept 2001]). NYCHA sufficiently demonstrated its efforts in response to plaintiff's discovery requests by providing logbook pages of the supervisor of caretakers, daily checklists, and multiple witnesses' affidavits and testimony. NYCHA's affidavits showed that it identified and searched both physical and digital locations where the logbook page for the date of the accident was likely to be kept, the name of the employee who worked at the scene on the day of the accident, and an affidavit of an inspector certifying that his searches did not locate the relevant logbook pages.
Plaintiff's subsequent motion, denominated as one for leave to renew and reargue, was not based on facts unavailable at the time of the prior motion, and thus was actually a motion for leave to reargue, the denial of which is not appealable (CPLR 2221[d]; see Smith v Pereira, 176 AD3d 491, 491-492 [1st Dept 2019]).
We have considered the parties remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025