Davidoff Hutcher & Citron LLP v McLendon (2026 NY Slip Op 01300)

Davidoff Hutcher & Citron LLP v McLendon

2026 NY Slip Op 01300

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Index No. 653409/23|Appeal No. 6022-6023-6024|Case No. 2025-01582, 2025-01987, 2025-02701|

[*1]Davidoff Hutcher & Citron LLP, Plaintiff-Respondent,
vEric C. McLendon, Defendant-Respondent.

Law Offices of Albert Van-Lare, New York (Albert Van-Lare of counsel), for appellant.
Davidoff Hutcher & Citron LLP, New York (Joseph N. Polito of counsel), for respondent.

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered April 23, 2025, in plaintiff's favor and against defendant in the amount of $178,200.10, and brining up for review an order, same court and Justice, entered on or about March 5, 2025, which denied defendant's motion to vacate a February 3, 2025 order, same court and Justice, granting plaintiff's motion for summary judgment, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from the February 3, 2025 order, which, in effect, granted plaintiff's motion for summary judgment on default, unanimously dismissed, without costs, as from a nonappealable paper.
This Court may not review the summary judgment order itself, as it was granted without opposition, the parties treated it as entered upon default, and no appeal lies from an order entered on default (CPLR 5511; Matter of Neil F. J. v Maria I. M., 208 AD3d 1101, 1101 [1st Dept 2022]).
As for the motion to vacate the summary judgment order, the court providently exercised its discretion in denying defendant's motion (CPLR 5015[a][1]). Assuming that defendant established a reasonable excuse for his failure to respond to the summary judgment motion, he failed to establish a meritorious defense. Defendant relied upon his attorney's affirmation, which was not based on his personal knowledge and did not attach any evidence to support his statements about plaintiff's purported overbilling and thus, did not constitute competent evidence (id.; see Figueroa v Luna, 281 AD2d 204, 205 [1st Dept 2001]). The court properly declined to consider the evidence defendant furnished for the first time on reply (see Liparulo v New York City Health & Hosps. Corp., 193 AD3d 593, 594 [1st Dept 2021], lv dismissed 37 NY3d 1088 [2021]). Absent a showing of a meritorious defense, the court did not abuse its discretion in denying his motion to vacate the judgment in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026