Menkes v Mount Sinai Health Sys., Inc. (2026 NY Slip Op 01736)

Menkes v Mount Sinai Health Sys., Inc.

2026 NY Slip Op 01736

Decided on March 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026

Before: Manzanet-Daniels, J.P., Shulman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 805082/21|Appeal No. 6184|Case No. 2025-01478|

[*1]Sheryl R. Menkes, Respondent,
vMount Sinai Health System, Inc., et al., Appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick Lawless of counsel), for appellants.
Menkes Law Firm, New York (Sheryl R. Menkes of counsel), for respondent.

Order, Supreme Court, New York County (John J. Kelley, J.) entered on or about December 20, 2024, which granted plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order, same court and Justice, entered on or about July 29, 2024, dismissing the complaint, without prejudice, pursuant to 22 NYCRR 202.27, vacated the July 29, 2024 order of dismissal, and reinstated the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint dismissed.
To restore a case that was dismissed due to a plaintiff's failure to attend a court conference pursuant to 22 NYCRR 202.27, the plaintiff must demonstrate a meritorious cause of action and establish a reasonable excuse for the failure to attend the conference (see Liparulo v New York City Health & Hosps. Corp., 193 AD3d 593, 594 [1st Dept 2021], lv dismissed 37 NY3d 1088 [2021]). In a medical malpractice case, "expert medical opinion evidence is required to demonstrate merit" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010] [internal quotation marks omitted]), and the expert submission must state an opinion in a nonconclusory fashion (see e.g. Gal-Ed v 153rd St. Assoc., LLC, 73 AD3d 438, 438 [1st Dept 2010]).
Here, plaintiff's expert submission fails to explain the standard of care from which defendants supposedly departed or how that departure caused plaintiff's injuries (see Chiaramonte v Coppola, 81 AD3d 426, 426 [1st Dept 2011]; DeRosario v New York City Health & Hosps. Corp., 22 AD3d 270, 271 [1st Dept 2005]). Rather, plaintiff's expert baldly opined that plaintiff suffered a loss of function of her femoral nerve as a result of the hip replacement surgery. This was insufficient to establish a meritorious cause of action.
Plaintiff also failed to provide a reasonable excuse for her failure to join the scheduled virtual status conference after the court called her office and directed her to join the call (see Liparulo, 193 AD3d at 594). Plaintiff has not averred that she was unavailable. Notably, she was able to communicate sufficiently to send a query back to the court asking the subject of the conference. Although on appeal plaintiff contends that she was unavailable to join the July 29th status conference because she was in transit, there is no evidence in the record to support this contention.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2026